O. S. CAUSEY v. EMPIRE PLAID MILLS.

*Fixtures—Evidence.*

1. The question as to when personal property becomes a fixture by reason of being attached to realty depends, as a general rule, upon the relations, agreement or intention of the parties interested at the time of the transaction, and sometimes upon the rights of others who become interested therein ; hence

2. In the trial of an action to recover a machine claimed by the plaintiff and attached to a mill which defendant had bought, it was competent for plaintiff to prove that the machine was placed in the mill for temporary use, to be sold or removed by plaintiff as it proved to be satisfactory or not.

CIVIL ACTION, tried before *Boykin, J.,* and a jury, at July Special Term, 1896, of GUILFORD Superior Court. The action was for the recovery of an "inspecting machine" and damages for its detention by the defendant corporation, the successor of a corporation of the same name, with which plaintiff claimed to have left the machine with a view to selling it.    The defendant claimed that the machine was a fixture and passed with the property bought by defendant at a sale of the former corporation's effects. Plaintiff alleged that the defendant had notice of his claim that it was personal property and belonged to him.    On

the trial the plaintiff offered to prove that the machine was put in the mills for temporary use, with a view to sell it to the company, if satisfactory, and if not to remove it at his pleasure. The evidence was excluded on defendant's objection, and plaintiff appealed.

*Messrs. L. M. Scott* and *Shaw & Scales*, for plaintiff (appellant).
*Messrs. Winston & Fuller*, for defendant.

FAIRCLOTH, C. J. : We were favored with an argument, whether the "inspecting machine" became a fixture to the Plaid Mills building. The question, when personal property becomes a fixture by reason of its connection or attachment to realty arises under varying circumstances, and as a general rule depends upon the relation and agreement or intention of the parties at the time of the transaction, and sometimes the rights of others becoming interested affect the solution of the question. Some of these relations were pointed out in *Overman* v. *Sasser*, 107 N. C., 432. But we are met with a question of evidence, and the ruling of the court entitles the plaintiff to a *new trial*.

The plaintiff offered to prove " that the machine was put in the mill for temporary use, with a view to sell the same to the company if they should be pleased with it, and if not to be removed at his pleasure." This offer was excluded by the court, and the defendant excepted.

This proposition embraced the agreement, if there was any, and the intention of the parties, and is a material fact in the transaction. Such evidence has been held competent. *Foote* v. *Gooch*, 96 N. C., 265 ; *Freeman* v. *Leonard*, 99 N. C., 274. We think it better to let this case go back and be further investigated, when all compe-

tent evidence will be admitted, when the true relations of the parties and circumstances may be made to appear, than to mark out any principle governing the case in its present aspects.

Error.