THE STANDARD DRY-KILN COMPANY v. W. J. ELLINGTON.

(Filed 15 November, 1916.)

**1. Vendor and Purchaser—Title—Registration.**

A conditional sale reserving title in the vendor is good between the parties without registration.

**2. Same—Mortgages—After-Acquired Property.**

A mortgage of after-acquired property, though not good at common law, is now upheld as valid; but the mortgagee's right of lien is subject to the conditions in which the after-acquired property comes into the mortgagor's hands, and if the mortgagor has obtained it subject to the reservation of title in the vendor, the general lien of the prior mortgage is subject to the vendor's right, though the constitutional sale is unrecorded, and the property has been annexed to the land and become a fixture thereon.

**3. Limitation of Actions—Vendor and Purchaser—Possession—Mortgages—After-Acquired Property.**

The relation between vendor and purchaser, under a conditional sale reserving title, is, in effect, that of mortgagor and mortgagee, and the purchaser's possession is not held adverse to the vendor in the absence of demand; and where the purchaser at a sale of lands under a mortgage claims the property as a fixture, passing with the lands as after-acquired property, and pleads the three-year statute in bar of the vendor's right, the period of the peaceful possession of the mortgagor will not be counted.

**4. Limitation of Actions—Vendor and Purchaser—Conditional Sales—Purchase Price—Notes—Waiver—Mortgages.**

The vendor of property reserving title under the terms of a conditional sale specifying that the purchaser give his notes for deferred payments may waive the latter part of the agreement and rely upon the retention of his title; and where the purchaser of land at a mortgage sale claims the property as that after acquired under the terms of his mortgage, and pleads the three-year statute as a bar to the vendor's right of action, the failure of the vendor to require the purchaser to give the notes, or to rescind the contract, will not put the statute of limitations in motion against him.

**5. Same—Advantage of Wrong.**

Where the purchaser of property is, by the terms of a conditional sale, reserving title, required to give notes for deferred payment of the purchase price, he cannot take advantage of his own wrong in failing to give the notes, and thus put the statute of limitations in motion against his vendor in favor of a subsequent purchaser at the sale of his lands under mortgage.

**6. Damages—Retention of Goods.**

Where the plaintiff has the lawful right of possession of property wrongfully withheld from him by the defendant claiming it as a fixture upon realty he has purchased at a sale, he may recover in his action the property or its value, with damages for its deterioration and detention.

31—172

CIVIL ACTION tried before *Connor, J.,* at March Term, 1916, of WAKE.

This is an action to recover certain property alleged to be wrongfully held by the defendant, and for damages for its deterioration and detention. On 11 February, 1911, the plaintiff sold, under a conditional sale contract, to the Ellington Building Supply Company the property in question. The Ellington Building Supply Company was composed of E. E. Ellington, W. E. Ellington, and D. D. Ellington. The defendant was not a member of this firm. The conditional sale contract was never registered. On 23 June, 1910, the Ellington Building Supply Company executed a mortgage to the Mechanics Savings Bank to secure an indebtedness of $3,200, the mortgage covering the land on which the lumber plant of the Ellington Building Supply Company was located. On 2 December, 1910, the Ellington Building Supply Company executed a mortgage to W. J. Ellington embracing the land and buildings on which the plant was located to secure an indebtedness of $5,000.

Prior to that time they had executed a mortgage to W. J. Ellington to secure an indebtedness of $12,228.83, $7,000 of which was secured by supplies and property of all and every kind and description belonging to the defendants or which they might *thereafter* acquire in connection with the business they were running.

Thereafter a suit was brought in the Superior Court of Wake County in which W. J. Ellington and The Mechanics Savings Bank were the mortgagees and plaintiffs and the members of the firm of Ellington Building Supply Company were the defendants. In the case M. A. Moser was appointed commissioner, and, as such commissioner, sold the interest of the defendants in the property under an order of court. The real estate was sold to W. J. Ellington, the defendant, for $7,000, and the personal property was sold to him for $1,498.11.

The defendant denies plaintiff's right to recover, as the conditional sale agreement was not registered, and the defendant purchased the property at the commissioner's sale. Moreover, the defendant claims that he purchased the realty as it was at that time, and this property claimed by the plaintiff had become a part of the realty and could not be removed without injury to the realty. The defendant also pleaded the statute of limitations.

The defendant requested the court to instruct the jury that upon all the evidence the claim of the plaintiff is barred by the statute of limitations. The defendant also requested the court to instruct the jury as follows: "If you find that at the time the contract was made between the plaintiff and the Ellington Building Supply Company,

there was a provision that notes should be given when the dry-kiln was installed and ready for operation, and that when said dry-kiln was so installed and ready for operation, the notes were not given, then there was a breach of the contract, and the plaintiff had a right to bring suit for the possession of the property; and if you should further find that that was more than three years prior to the bringing of this suit, then you are instructed that the action would be barred by the statute of limitations, and you should so find in your verdict."

The court refused to give both instructions, and the defendant excepted.

The contract provided that upon receipt of the material the purchasers were to honor sight-draft for one-half the amount of the bill, and when the kiln was completed and in operation they were to accept sight draft for sixty or ninety days for the balance due. There is no evidence that drafts were accepted or paid.

The evidence shows that the kiln was set up and ready for operation about March, 1911.

His Honor also instructed the jury: "If you find the facts to be as testified to by the witnesses in this case with reference to the first issue, I instruct you to answer the first issue 'Yes'; otherwise you will answer 'No.'" The defendant excepted.

The jury returned the following verdict:

1. Is the plaintiff the owner and entitled to the possession of the property described in the complaint? Answer: "Yes."

2. Is the defendant in the wrongful possession of said property? Answer: "Yes."

3. What was the value of the said property at the time defendant took possession of same? Answer: "$350."

4. In what sum, if any, has the value of said property deteriorated while in possession of the defendant? Answer: "$75."

5. What is a fair annual rental value of said property? Answer: "$21."

6. Is plaintiff's cause of action against the defendant barred by the statute of limitations? Answer: "No."

Judgment was entered in favor of the plaintiff, and the defendant appealed.

*John W. Hinsdale for plaintiff.*

*J. C. Little for defendant.*

ALLEN, J. The two positions upon which the defendant chiefly relies are:

1. That the personal property sold by the plaintiff to the Supply Company, in which the title was retained by an unregistered condi-

tional sale agreement, passed to the defendant under his mortgage covering after-acquired property, which was executed and registered prior to the conditional sale of the personal property.

2. That if this position is not sustained, the right of action of the plaintiff is barred by the statute of limitations.

If either of these positions can be sustained, the plaintiff cannot recover; but if the property did not pass to the defendant under his mortgage, and if the plaintiff's cause of action is not barred, the plaintiff is the owner of the property under his conditional sale agreement, which is good between the parties without registration. *Kornegay v. Kornegay,* 109 N. C., 188.

At common law no mortgage was valid except upon property in existence and actually and potentially the property of the mortgagor at the time of the execution of the mortgage; but this rule has been greatly modified in different jurisdictions, and since the case of *Holroyd v. Marshall,* 10 H. L. Cases, 191, it has been settled in England, and has been generally recognized in this country, that a mortgage with a clause covering additions or after-acquired property operates to create a lien on the after-acquired property in favor of the mortgagee when the property comes into existence. *Perry v. White,* 111 N. C., 199; *Lumber Co. v. Lumber Co.,* 150 N. C., 286, and cases cited.

The principle, however, is subject to the qualification that the mortgagee who claims after-acquired property takes it in the same condition in which it comes into the hands of the mortgagor, and if at that time it is subject to liens the general mortgage does not displace them, nor does the failure to register the lien, existing at the time of the acquisition of the property by the mortgagor, have this effect, as the registration laws are intended for the protection of subsequent, not prior, purchasers and creditors. *Cox v. Lighting Co.,* 151 N. C., 69.

The question was decided and the authorities reviewed in *Cox v. Lighting Co., supra,* and, in conclusion, the Court quotes from *U. S. v. R. R.,* 12 Wall., 362, as follows: "A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires; and if he purchase property and give a mortgage for the purchase money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien impending over him, whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase money. And in such cases a failure to register the mortgage for purchase money

makes no difference. It does not come within the reason of the registry laws. These laws are intended for the protection of subsequent, not prior, purchasers and creditors," and adds: "This, it seems to us, accords with our own decisions and rests upon the soundest principles of right and equity."

The case also disposes of the contention of the defendant that he can hold the property because of his rights as a mortgagee of the land, upon the ground that the property sold by the plaintiff was annexed to the freehold.

We are therefore of opinion that the property did not pass to the defendant under his mortgages.

We have dealt with the question as if the defendant had bought the property at the sale by the commissioner, Moser; but the record shows that he only bought the interest of the Supply Company in the property, and that he paid nothing for it and has suffered no loss except the crediting of $40 on a debt against his sons.

Is the plaintiff's cause of action barred by the statute of limitations?

The defendant went into possession of the property after 30 October, 1911, the day of the sale by the commissioner, and this action was commenced on 24 June, 1914, within less than three years, and the cause of action is, therefore, not barred unless the defendant can avail himself of the possession of the Supply Company between 11 February, 1911, the day of the conditional sale of the property, and the time when the defendant bought.

The relation between the plaintiff and the Supply Company was in effect that of mortgagor and mortgagee, and as there is no evidence of any demand for the possession by the plaintiff and refusal by the defendant, or any denial of the right of the plaintiff by the Supply Company, its possession was not adverse. *Parker v. Banks,* 79 N. C., 480; *Stancill v. Spain,* 133 N. C., 77.

The defendant says, however, that it was a part of the agreement between the plaintiff and the Supply Company that the Supply Company was to execute notes or accept and pay sight drafts for the purchase price; that this was to be done concurrently with the delivery of the property; that the Supply Company failed to execute the notes or to accept and pay the drafts, and that therefore the company had no rights under the contract, and that the possession of the Supply Company was therefore wrongful from the beginning and adverse to the plaintiff.

There are several satisfactory answers to this position of the defendant.

In the first place, the agreement to execute the notes or to accept and pay the drafts was for the benefit of the plaintiff, and it had the

right to elect to reclaim the property upon the failure of the Supply Company to perform its part of the agreement, or it could waive this part of the agreement and rely upon the retention of title in the conditional sale (35 Cyc., 673); and this is what it has done.

The right to rescind the contract on account of the failure of the Supply Company to perform its part was with the plaintiff and not with the Supply Company, and it is only the innocent party who has the right to rescind (6 R. C. L., 932), and it cannot take advantage of its own wrong to put the statute of limitations in motion. *Robertson v. Dunn,* 87 N. C., 195; 25 Cyc., 1066.

In the *Robertson case* the defendant converted a note and some time afterward received the proceeds. The plaintiff sued in assumpsit to recover the proceeds, and the defendant pleaded the statute of limitations, claiming that it began to run from the time of the conversion. The plea was denied as to all money received within three years, and the Court said: "When there has been a tortious taking of his property, the injured party may bring trespass or trover, or he may waive both and bring assumpsit for the proceeds, when it shall have been converted into money; and if he choose the latter mode of redress, the tort-feasor cannot allege his wrong for the purpose of carrying back the injury to a time which will let in the statute."

This was the controlling principle in *Torrey v. Cannon,* 171 N. C., 521, in which the Court quotes with approval from *Smith v. Gregerty,* 4 Barb., 621, as follows: "Undoubtedly, a party cannot take advantage of the nonperformance of a condition if such nonperformance has been caused by himself."

The question is analogous to that of a debt due by installments, with provision that upon failure to pay one installment the whole debt shall become due, as to which it is said in 25 Cyc., 1104: "It is generally held, however, that such a provision is solely for the benefit of the creditor, who may enforce it or not, as he elects; that upon the default specified the provision does not of itself operate to accelerate the maturity of the debt and that the debtor cannot take advantage of it in computing the period of limitation."

The objection of the defendant to the recovery of $91 provided for in the judgment is without merit.

The plaintiff was entitled to recover the property or its value, with damages for its deterioration and its detention, and the $91 covers the rental value as found by the jury for the length of time which the defendant admitted he held possession of the property.

The judgment is in accordance with law and justice.

No error.