CLARK, C. J., dissenting. *Page 329 
Civil action, tried upon an agreed statement of facts. Judgment was entered for the defendant, and the plaintiffs excepted and appealed.
The substance of the facts agreed is as follows:
1. The plaintiffs are residents of the city of Savannah, Ga., and copartners engaged in the business of selling automobiles under the general name of South Georgia Motor Company.
2. On 14 February, 1920, the plaintiffs sold to Christos N. Christakos and Chan Mavrikis a Cadillac touring car at the price of $2,000, the defendants paying $500 in cash and giving their joint promissory note for $1,500, payable thirty days after date. To secure the deferred payment, the purchasers gave the plaintiffs a mortgage on the car, which was registered on 25 September, 1920, in Chatham County, Georgia.
3. On 21 September, 1920, said Mavrikis was arrested and imprisoned in the city of Wilmington for the illegal transportation in said car of intoxicating liquor. He was operating the car at the time of his arrest contrary to the laws of the State and the United States. The defendant seized the automobile, and Mavrikis afterward gave a bond for his appearance on 28 September, but forfeited his bond, did not appear, and has never been tried on the offense charged. Judgment absolute was rendered on the appearance bond, and the automobile was condemned by the recorder's court, and afterward the sheriff, under the direction of the court, advertised it for sale in accordance with the statute.
4. Plaintiffs, who held the mortgage for $1,500, had no knowledge that Christakos or Mavrikis intended to use the car for the illegal transportation of liquor or other violation of the law, and had no knowledge of such violation until after Mavrikis was arrested.
5. No part of the mortgage for the $1,500 has been paid, and Mavrikis and Christakos are both insolvent.
6. The market value of the automobile at the time of the seizure was $1,250.
7. The mortgage was executed on 14 September, 1920, but was not recorded by the plaintiffs until a few days after the arrest of Mavrikis in the city of Wilmington.
The plaintiffs admit that the statute providing for the confiscation or forfeiture of an automobile operated in the unlawful transportation of intoxicating liquor is a valid exercise of the police power (Daniels v.Homer, 139 N.C. 219), but they deny that the statute *Page 330 
is broad enough to include the interest which they claim in the condemned car by virtue of their mortgage. It will be noted that the mortgage was executed on 14 September, and registered on 25 September, four days after the arrest of Mavrikis.
"If any person . . . shall have in possession any spirituous . . . liquors in violation of law, the sheriff, . . . who shall seize such liquors by any authority provided by law, is authorized and required to seize and take into his custody any . . . automobile . . . used in conveying, concealing, or removing such spirituous liquors, and safely keep the same until the guilt or innocence of the defendant has been determined upon his trial, . . . and upon conviction of a violation of the law, the defendant shall forfeit and lose all right, title, and interest in and to the property so seized; and it shall be the duty of the sheriff having in possession the automobile so used . . . to advertise and sell the same under the laws governing the sale of personal property under execution." C. S., 3403. This statute was construed and the rights of a mortgagee were discussed in Skinner v. Thomas, 171 N.C. 103. In that case it was said: "The operative and material part of the statute is, `and upon conviction of a violation of said law said defendant shall lose all right, title, and interest in and to the property so seized,' and as this confines the forfeiture to the right, title, and interest of the defendant, we are without power to extend its terms and embrace the right, title, and interest of the plaintiffs, mortgagees, who were not defendants, and who have had no connection with the illegal conduct of the defendant. The language of the second and third sections of the act is somewhat broader than that used in the first section, but as we have seen, the second section only deals with the sale of property when no person is arrested, and the third with the distribution of the proceeds of sale, and cannot be held to extend the forfeiture in the first section beyond its terms.
"The distinction between the case before us and the Federal cases cited by the defendant (U.S. v. Two Bay Mules, 36 Fed., 84; Distillery v. U.S.,96 U.S. 395; U.S. v. One Black Horse, 129 Fed., 167; U.S. v. TwoHorses, Fed. Cases, No. 16578; U.S. v. Distillery, Fed. Cases, No. 14963) is clear, as the Federal cases are based on statutes which declare the property forfeited, while our statute only confiscates the right, title, and interest of the defendant in the property.
"The decision in Daniels v. Homer, supra, is upon the same ground, the statute then before the Court declaring that the nets used illegally, and not the interest of the defendant in the nets, should be forfeited."
It is argued that in the case at bar the plaintiffs' mortgage was not registered. Nor does it appear that the mortgage referred to in Skinner'scase, supra, was registered. There is nothing to indicate *Page 331 
registration in the statement of the case, in the briefs of counsel, or in the opinion of the Court. Besides, the statutes providing for the registration of mortgages are intended primarily to protect creditors and purchasers, and not to attach to the instrument additional efficacy as between the mortgagor and the mortgagee. In Williams v. Jones, 95 N.C. 505,Ashe, J., said: "By The Code, sec. 1254, it is declared that `no deed of trust or mortgage for real or personal estate shall be valid at law to pass any property as against creditors and purchasers for a valuable consideration from the donor, bargainor, or mortgagor, but from the registration of such deed of trust or mortgage,' etc.
"Prior to the passage of this act, a mortgage was valid even against creditors and purchasers, and it was required to be registered for their benefit. But as between the parties, their rights were undisturbed by the act, and they are left as they existed before its passage.
"There is no principle better settled than that, as between the parties, a mortgage is valid without registration. Leggett v. Bullock, 44 N.C. 283."
It is contended that the Court's construction of the statute in Skinnerv. Thomas, supra, affords such opportunity for collusion as will destroy the purpose of the law in its practical operation. But we cannot accept such possibility as a ground for extending the terms of the statute to cases not within the contemplation of the Legislature; it is our duty to declare the law, not to make it. S. v. Johnson, 181 N.C. 640. In the instant case, however, the defendant admits that the plaintiffs were not in criminal collusion with the purchasers of the car.
Upon a review of the record, we think the judgment should be
Reversed.