MERCHANTS AND FARMERS BANK v. CLIFTON PEARSON,
W. S. WHITING, ET ALS.

(Filed 12 December, 1923.)

1. **Corporations—Deeds—Mortgages—Chattel Mortgages—Probate—Statutes—Common Law—Signature of Officer.**

   While it is the better course to follow the suggested methods of C. S., sec. 3326, in the execution of a corporate chattel mortgage, there being no general law or charter provision to the contrary, it is not necessary to its validity that the witness to the probate certifies in its probate that he saw the presiding member sign it, when otherwise it complies with the requirements of the general law.

2. **Same—Lands—Interest—Chattel Mortgages.**

   The execution of a deed or contract by a corporation concerning lands, or an interest therein, is required by our statute of frauds to be signed, as well as in writing, but this does not extend to the execution of a corporate chattel mortgage, and it is sufficient as to the latter, in the absence of charter provisions to the contrary, that the subscribing witness testify in the probate that he knows the common seal of the corporation, that he saw the presiding member attach it thereto, and that he became a subscribing witness in his presence, the same being in accordance with the general law relating to instruments of this character.

3. **Same — Registration — Liens — Judgments — Execution — Sales — Purchaser.**

   Where a corporation has executed its chattel mortgage in accordance with the general law, and it has been regularly admitted to probate, and accordingly registered in the proper county, the lien thereof is superior to that of levy under a later judgment, and the purchaser at the execution sale acquires the personalty subject to the prior registered mortgage.

4. **Mortgages—After-Acquired Property—Corporations—Lumber.**

   A mortgage will be held to extend to and include after-acquired property when it so states in express terms, or it clearly appears from the language used, that such was its manifest intention; and where a corporation has mortgaged lumber on certain of its yards, and shall keep thereon a certain quantity during the life of the mortgage, with the mutual agreement that the mortgagor replace it when sold to its customers, the successive replacements of the lumber fall within the terms of the mortgage and are subject to its lien, in the absence of allegation and proof of fraud.

5. **Pleadings—Admissions—Deeds and Conveyances—Mortgages—Execution of Instrument.**

   Where the plaintiff claims certain lumber under a corporate chattel mortgage, the question of its due execution is not presented, where the answer admits it was properly executed.

APPEAL by defendant, Clifton Pearson, from *Ray, J.,* at April Term, 1923, of AVERY.

Civil action. The action is one of claim and delivery for thirty or forty thousand feet of lumber situate on the yard at Minneapolis, N. C.,

same being at the time in the possession of defendant, Clifton Pearson, asserting ownership thereto, and was seized and delivered to plaintiff bank under ancillary process in the cause. There was evidence on the part of plaintiff tending to show that the Elizabethton Flooring Company, a corporation, in 1918 became indebted to plaintiff in the sum of $6,000 for borrowed money, executed three promissory notes, two for $2,500 each and one for $1,000, due, respectively, 29 April, 1918, and 7 July, 1918, and the thousand-dollar note due 29 May, 1918, defendant J. S. Whiting being endorser, and to secure payment executed to plaintiff a mortgage of date 7 March, 1918, on certain lumber belonging to the company, and that the lumber seized in the present action was embraced in the terms and conditions of said mortgage. That one thousand dollars had been paid on said indebtedness, leaving a balance due of $5,000 and interest.

There was also evidence to the effect that defendant Pearson bought and took possession of the lumber in controversy pursuant to execution and levy under two judgments against the flooring company, the sale taking place in July, 1920, or 1921, and while said mortgage was existent, with the debt thereby secured being unpaid to the amount as stated. That the mortgage in question, purporting to be by the Elizabethton Flooring Company, of Elizabethton, Tenn., party of the first part, and plaintiff bank as party of the second part, conveyed to such party of the second part as security of said indebtedness "500,000 feet of lumber owned by the mortgagor, and being the lumber of said party was stacked three-quarters of a mile from Spear on the Toe River in Avery County, on the land known as the W. H. Ollis land, and being all the lumber on that mill yard; also, all the lumber at the railroad yard in Minneapolis, N. C., and also all the lumber at the mill and at the railroad owned by the party of the first part." The instrument contained further stipulation as follows: "The said party of the first part agrees to keep not less than 500,000 feet of lumber at said points above described during the life of the mortgage; and further, that as said notes are paid off and taken up the party of the second part (plaintiff) shall release so much of said lumber as shall equal in value the amount of the indebtedness so paid off." The mortgage then concludes and purports to be executed as follows:

"In testimony whereof, the said party of the first part has hereunto placed the signature of the corporation by C. K. Haywood, its presiding member, and affixed its corporate seal, this the day and year first above written.

ELIZABETHTON FLOORING COMPANY.    (Seal.)

By C. K. HAYWOOD, *Presiding Member.*

L. M. LACY,

WILL H. DONNELL,

Attest: R. S. FIFE.                                                    *Directors."*

And the probate and adjudication thereon, also the certificate of registry, being as follows:

STATE OF TENNESSEE—CARTER COUNTY.

This, 18 March, 1918, personally came before me, J. Frank Siler, a notary public of Carter County, State of Tennessee, R. S. Fife, who, being by me duly sworn, says that he knows the common seal of the Elizabethton Flooring Company, and is also acquainted with C. K. Haywood, presiding member of said corporation, and also with J. M. Lacey and Will H. Donnell, two other members of said corporation, and that he, the said R. S. Fife, saw the said C. K. Haywood, presiding member of said corporation, affix said seal to the foregoing instrument, and that he, the said R. S. Fife, became a subscribing witness to said instrument in their presence.

Witness my hand and notarial seal, this 18 March, 1918.

J. FRANK SILER,

(L. S.)          *Notary Public.*

STATE OF NORTH CAROLINA—AVERY COUNTY.

The foregoing certificate of J. Frank Siler, notary public of Carter County, with his official seal attached of Carter County, Tennessee, is adjudged to be correct.

Let the instrument and the certificate be registered.

Witness my hand and official seal, this 29 March, 1918.

J. L. BANNER,

*Clerk Superior Court.*

Filed for registration on this 29 March, 1918, and registered.

J. F. PUCKETT,

*Register of Deeds.*

And same is on the registry as certified.

It further appeared that all the lumber on hand and placed on the yards specified in 1918, the date of the mortgage, had been sold and other lumber placed on these yards instead thereof. That the lumber had never at any time exceeded the 500,000 feet, usually much below that, and the lumber seized being, as stated, thirty to forty thousand on the railroad yard at Minneapolis, etc., and which, as stated, had been levied and sold to defendant Pearson as the property of the Elizabethton Flooring Company.

On issues submitted, verdict was rendered that there was due on the notes the sum of $5,000 and interest, and that plaintiff was the owner of the lumber taken in the claim and delivery papers in the cause. Judgment on the verdict for plaintiff, and defendant Clifton Pearson appealed, assigning errors.

*Chas. E. Green, G. F. Washburn, and Watson, Hudgins, Watson & Fants for plaintiff.*

*J. W. Ragland, W. C. Newland, S. J. Ervin, and S. J. Ervin, Jr., for defendants.*

HOKE, J. It is chiefly urged for error by appellant that his motion for nonsuit should have been allowed:

1. Because the mortgage under which plaintiff claims the property was not properly executed.

2. That there was no sufficient probate justifying its registration in that the subscribing witness does not testify to the signing by the officials.

3. That all the evidence shows that the lumber on hand and in the yards specified at the time the mortgage was executed has been disposed of, and the mortgage therefore did not extend to the lumber seized under process in the present cause.

As to the first objection, it is admitted in the answer that the mortgage was properly executed, and the question is not therefore presented. On the second objection, it appears that the instrument purporting to be signed for the corporation by C. K. Haywood, the presiding member, and two of the other directors, has the corporate seal attached, and the proof of the subscribing witness is to the effect "That he knows the common seal of the Elizabethton Flooring Company, and is acquainted with C. K. Haywood, presiding member of the corporation, and with L. M. Lacey and Will H. Donnell, the two other members of the corporation, and that said witness saw the said C. K. Haywood, presiding member, affix said seal to the foregoing instrument, and the said R. S. Fife became a subscribing witness in their presence."

Thereupon the instrument was registered on proper adjudication of J. L. Banner, clerk of Superior Court of the county, and in our opinion this was a sufficient probate to uphold the registration of the mortgage, without further proof as to signing by the officers. Our statute on this subject provides for a form of probate where a deed or contract of a corporation, requiring registration, has been signed by the president or presiding member and two others of the corporation, etc., and where signed by the president or subscribing member, and witnessed by the secretary or assistant, etc. C. S., sec. 3326. And it has been held that these suggested methods of executing corporate instruments shall not be considered as exclusive, but other methods of conveyance adequate and duly recognized by the law will be upheld. *Bason v. Mining Co.,* 90 N. C., 417. And in establishing these forms of probate, the statute itself expressly provides that "These forms of probate set out in the statute shall not exclude other forms deemed sufficient in law."

While it is now the usual and better method of executing a corporate deed or mortgage that it should be properly signed as well as sealed, and under our statute of frauds requiring deeds and contracts concerning land to be in writing and signed, both of these acts may be considered as necessary in instruments concerning land, etc.

In the absence of any contrary provision in the general law, or charter, the affixing of the corporate seal by proper authority was fully recognized at common law as a proper and adequate method of executing corporate instruments. And when a subscribing witness, as in this instance, testifies under oath that he knows the common seal of the corporation and that he saw the presiding member attach the corporate seal to the mortgage, and that affiant became a subscribing witness in his presence, etc., this is a sufficient proof of the due execution of the instrument, the same concerning only personal property and having been properly so adjudged. *President and Bridge Co. v. R. R.,* 7 Lansing, 240; *Lovett v. Steam Sawmill,* 8 Paige (N. Y.), 54 and 57; *Isham v. Bennington Co.,* 19 Vt., 230-243; 3d Cook on Corporations (7th Ed.), sec. 722, p. 2549; 10 Cyc., 1012-13; Angel and Aines on Corporations (11th Ed.), sec. 225.

On the third objection it is the approved principle in this jurisdiction that a mortgage will be held to extend to and include after-acquired property "when it so states in express terms, or it clearly appears from the language used that such was its manifest intention." *Lumber Co. v. Lumber Co.,* 150 N. C., 282; *Dry Kiln Co. v. Ellington,* 172 N. C., 481-484.

And this being true, while all the lumber that was on the specified yards at the time of the execution of the mortgage had been sold or disposed of, it is the clear intent of the instrument that it should apply to and include all lumber placed on these yards by the mortgagor at any time during "the life of the mortgage"; and it appearing that the lumber in controversy here had been placed and was in one of these yards at the time of its seizure and sale by the sheriff, in the absence of any allegation or proof of fraud, such lumber had come and was there, under the provisions of the mortgage, and so giving plaintiff the first claim thereon.

We find no error in the record, and the judgment for plaintiff is affirmed.

No error.