STANDARD MOTORS FINANCE COMPANY AND INTERSTATE TRUST AND BANKING COMPANY v. CHARLES W. WEAVER, E. S. KOON AND CENTRAL BANK AND TRUST COMPANY, Trustee.

(Filed 2 July, 1930.)

**Mortgages C d—Personalty acquired by mortgagor under registered conditional sales contract and installed in premises is not subject to mortgage.**

Where personal property is sold under a conditional sales contract which is registered in the book of chattel mortgages, it does not change its character as personalty by being annexed to a building for the purpose of its use, and such property is not subject to the lien of a prior registered mortgage on the real property, and upon foreclosure of the mortgage on the realty, the purchaser at the foreclosure sale is not entitled to the personalty as against the holder of the conditional sales contract, and it will not avail the purchaser that the registration of the conditional sales contract was solely in the chattel mortgage book, and that he had no notice thereof from an inspection of the book of real estate mortgages.

CIVIL ACTION, before *Finley, J.,* at December Term, 1929, of BUNCOMBE.

The evidence tended to show that on 14 March, 1927, C. W. Weaver was the owner of certain property on Hilliard and Grove streets in the city of Asheville, and that a brick building had been erected on said property and used by Weaver in the prosecution of his automobile business. On 14 March, 1927, C. W. Weaver and wife executed a deed of trust upon said property to Central Bank & Trust Company, trustee, to secure a certain indebtedness therein described. Said deed of trust was duly recorded. Thereafter, on 10 May, 1927, Weaver purchased a sprinkler system for said building and executed a conditional sales contract or title retaining agreement to the plaintiff for said sprinkler system. This conditional sales contract retained the title to the property until the purchase price had been paid in full and was duly recorded on 16 July, 1927, in the office of the register of deeds for Buncombe County, in Chattel Mortgage Book 116, page 403. Weaver failed to pay the indebtedness secured by the deed of trust upon the real estate and the Central Bank & Trust Company, trustee, under and by virtue of power contained in said deed of trust, sold the real estate at public auction on 24 October, 1928. At the sale the defendant E. S. Koon became the purchaser of the property and deed was duly executed and recorded conveying title to the real estate to said E. S. Koon. On 26 October, 1928, Koon executed a deed of trust to the Central Bank & Trust Company, trustee, to secure the payment of a certain indebtedness described in said deed of trust.

Thereafter on or about 25 February, 1929, the plaintiff instituted suit against the defendants, alleging that the purchase price of said sprinkler system had not been paid by Weaver. At the same time the plaintiff issued claim and delivery papers for the purpose of seizing and taking possession of said sprinkler system. The defendant, Central Bank & Trust Company, and E. S. Koon, purchaser of the real estate, filed answers admitting that the sprinkler system was sold under a title retaining contract which had been duly recorded in the record of chattel mortgages in Buncombe County, but alleged that the sprinkler system had become an integral part of the building and real estate described in and secured by said deed of trust held by Central Bank & Trust Company as security for said notes, and said deed of trust was a lien against said building, including the property described in said complaint, superior to any lien or rights of the plaintiff, etc.

The evidence tended to show that the sprinkler system was affixed to the foundations, walls, floors, ceiling and partitions of the building by a system of pipes, automatic sprinklers and valves. The specifications for the sprinkler system were set out in the record. The jury found in response to issues submitted that the plaintiffs were not the owners of or entitled to the possession of the property, and that the defendants were not in the wrongful possession thereof. The jury further found that the defendants, Koon and Central Bank & Trust Company, took title to said property without actual or constructive notice of the plaintiff's rights.

The trial judge instructed the jury to answer the issues in favor of defendants upon the ground that the conditional sales contract having been registered in a chattel mortgage book, did not constitute actual or constructive notice to a purchaser of the real estate.

From judgment upon the verdict the plaintiffs appealed.

*Harkins & Van Winkle and Florence C. Martin for plaintiffs.*
*Bernard, Williams & Wright for defendants.*

BROGDEN, J. Does a sprinkler system, sold under a conditional sales contract or retained title agreement duly recorded in a chattel mortgage book, and said system being thereafter attached to realty, covered by a mortgage or deed of trust, become the property of a purchaser of the realty at public sale of the mortgaged premises under power contained in such mortgage?

C. S., 3312, provides that conditional sales of personal property shall be reduced to writing and registered in the county where the purchaser resides. Such registration has the same legal effect as the registration of chattel mortgages. This Court has held uniformly and without a

break in the line of precedent that one holding a mortgage on real estate has no equitable claim to personal property subsequently annexed to the mortgaged premises, if title to the chattel has been retained by the seller. For instance, in *Cox v. Lighting Co.,* 151 N. C., 62, 65 S. E., 648, it was written: "One holding a mortgage of the realty has no equitable claim to chattels subsequently annexed to it. He has parted with nothing on the faith of such chattels. Therefore the title of a conditional vendor of such chattels, or of a mortgage of them, before or at the time they were attached to the realty, is just as good against the mortgagee of the realty as it is against the mortgagor." In the same opinion the Court quoted with approval a ruling of the Indiana Court as follows: "Accordingly, the proposition is well sustained that one who purchases machinery with a view that it shall be annexed to or placed in a building, of which he is the owner, and who executes a chattel mortgage on the property so purchased, thereby evinces his intention that the property shall retain its character as personalty, regardless of the manner in which it may be annexed to the freehold. The same principle is adhered to in *Dry-Kiln Co. v. Ellington,* 172 N. C., 481, 90 S. E., 564. Moreover, in *Lancaster v. Insurance Co.,* 153 N. C., 285, 69 S. E., 214, the Court said: "Under our decisions, where a vendor, as here, has sold goods, taking notes for the purchase money and delivered possession, retaining title as security, and the contract has been properly registered according to the statute, Revisal 983 (now C. S., 3312), the property, the subject-matter of the contract retains its character as personalty, both as between the parties and others claiming adversely to the lien."

Other jurisdictions have adopted the interpretation of the law given by this Court.

In *Holt v. Henley,* 232 U. S., 637, a sprinkler system was the subject of the controversy. The system was bolted to the concrete foundation of a cotton mill. The plaintiff undertook to secure possession of the property, but the action was resisted by the trustee in bankruptcy of the cotton mill. *Holmes, J.,* writing the opinion, says: "To hold that the mere fact of annexing the system to the freehold over-rode the agreement that it should remain personalty and still belong to Holt would be to give a mystic importance to attachment by bolts and screws." The opinion cites *Cox v. Lighting Co., supra,* as authority for the position taken by the Supreme Court of the United States. Likewise in the case of *Detroit Steel Cooperage Co. v. Sisterville Brewery Co.,* 233 U. S., 712, the Court upheld the right of the seller to remove tanks from a brewery which has been placed subsequently to the execution of a mortgage upon the plant.

Assuming then, that the law is well settled that personal property attached to the freehold retains its character as personalty as between the immediate parties, the question arises: Is the purchaser of real property for value and without notice precluded from acquiring title to the chattel so annexed to the freehold? If it be conceded that the registration of the conditional sale irrevocably impresses upon the property the character of personalty, it would seem apparent that the character of the property is not changed simply by reason of the fact that the land was sold. The mere advertisement and sale of the land under a mortgage could not perform a legal miracle by turning personal property into real estate. The essential question involved, therefore, is not whether the conditional sale was recorded in a chattel mortgage book or a real estate mortgage book, but whether the property remained personalty or was transformed into realty upon the execution of the power of sale in the real estate mortgage. Consequently the character of the property and title thereto determines the controversy rather than notice derived from the kind of book the paper was recorded in. This Court held in *Causey v. Plaid Mills*, 119 N. C., 180, that the owner of an "inspecting machine" placed in a mill could show as against a purchaser for value that the machine was put in the mill for temporary use and removable at the pleasure of the owner. The theory upon which the decision rests is that the title did not pass, and hence the property became no part of the freehold.

The authorities bearing upon various aspects of the question of law involved are assembled in 13 A. L. R., 461.

We therefore hold that the property in controversy retained its character as personalty and under the facts disclosed, did not become a part of the realty. Hence the defendants are not entitled to hold the property.

Reversed.