THE PLANTERS. NATIONAL BANK & TRUST COMPANY OF ROCKY MOUNT, N. C. v. SOUTH CAROLINA INSURANCE COMPANY.

(Filed 25 November, 1964.)

**1. Taxation § 31—**

The lien of the Federal Government for taxes upon the recording of notice of Federal tax lien in the office of the register of deeds of a county is effective only against the property of the taxpayer, and the property or property rights of the taxpayer to which the lien attaches must be determined by State law. 26 U.S.C.A. §§ 6322, 6323, G.S. 44-65.

**2. Same; Chattel Mortgages and Conditional Sales § 8—**

Where the purchaser of a motor vehicle executes a conditional sales contract and note for the deferred portion of the purchase price, his property right is subject to the purchase money lien, which has priority over the lien of the Federal Government for taxes upon the subsequent recording of notice of Federal tax lien in the office of the register of deeds of the county, even though the conditional sales contract is not registered.

**3. Same; Indemnity § 2—**

Plaintiff was the assignee for value of a conditional sales contract and note for the deferred portion of the purchase price of a motor vehicle. Defendant issued its policy to indemnify plaintiff for loss sustained solely from failure of plaintiff to record the instrument. The vehicle was seized and sold to satisfy the subsequently recorded notice of Federal tax lien. *Held:* Plaintiff's loss resulted from its failure to assert its lien against the United States and not from plaintiff's failure to record the conditional sales agreement, and the policy of indemnity · insurance did not cover such loss.

APPEAL by defendant from *Parker, J.,* March Civil Session 1964 of NASH.

This is an action instituted by the plaintiff to recover indemnity under a policy of insurance issued by the defendant to plaintiff, whereby the defendant contracted to indemnify the plaintiff from all losses sustained from failure solely of plaintiff to record an instrument it acquired in the usual course of business.

It was stipulated that the policy of insurance was in full force and effect from 1 November 1959 to 1 November 1960.

On 23 April 1959, "A Notice of Federal Tax Lien," in the amount of $1,923.08, against one A. E. Gurganus, a resident of Martin County, North Carolina, was recorded properly in the office of the Register of Deeds of Martin County. On 22 September 1960 a similar notice was recorded in the same office, in the amount of $1,879.46, against A. E. Gurganus. This second notice was not a renewal of the first lien but an additional one.

On or about 29 August 1960, Griffin Motor Company sold and delivered a 1960 Valiant station wagon to the said A. E. Gurganus, who executed a conditional sales contract and note for the deferred portion of the purchase price of the automobile in the sum of $2,525.00, to be paid in monthly installments. The conditional sales contract provided that "title to the property shall remain in seller or assigns until all amounts due hereunder or rearrangements thereof are fully paid in cash." This contract was sold for a valuable consideration to plaintiff on 1 September 1960. The contract has never been recorded by the plaintiff.

The station wagon was seized by the United States on or about 23 September 1960, advertised and sold on 21 October 1960, to satisfy the aforesaid tax liens against the said A. E. Gurganus. Nothing appears in the record to indicate that the plaintiff sought to assert its lien on said station wagon against the United States.

It was stipulated that the 1960 Valiant station wagon, the property for which claim was made under the policy of insurance, was on 23 September 1960 valued at $2,000.00; that the balance due and unpaid on the conditional sales contract and note on 21 October 1960, the date the station wagon was sold for $1,500.00, was $2,210.19.

The court below, on the facts stipulated in accord with those hereinabove set out, held that the plaintiff was entitled to recover of the defendant the sum of $2,000.00, with interest at six per cent per annum from 21 October 1960 until paid, and the costs of the action. Judgment was signed in accord therewith.

Defendant appeals, assigning error.

*W. A. Wilkinson, James W. Keel, Jr., for plaintiff.*
*Jeff D. Batts, Cary Whitaker for defendant.*

DENNY, C.J.  It is provided in 26 U.S.C.A., § 6321, "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

It is further provided in 26 U.S.C.A., § 6322: "Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time"

Likewise, *ibid.*, § 6323 reads as follows: "(a)   Except as otherwise provided in subsection (c), the lien imposed by section 6321 shall not

be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Secretary or his delegate." Subsection (c) (1) in pertinent part provides as follows: "Even though notice of a lien provided in section 6321 has been filed in the manner prescribed in subsection (a) of this section, the lien shall not be valid * * * as against any mortgagee, pledgee, or purchaser of such security, for an adequate and full consideration in money or money's worth, if at the time of such mortgage, pledge, or purchase such mortgagee, pledgee, or purchaser is without notice or knowledge of the existence of such lien."

G.S. 44-65 provides: "Notices of liens for internal revenue taxes payable to the United States of America and certificates discharging such liens may be filed in the office of the register of deeds of the county or counties within which the property subject to such lien is situated."

Since the lien is only against the property of the taxpayer, it becomes necessary to determine what is property of the taxpayer.

The property or property rights to which the lien attaches must be determined by state law. *United States v. Durham Lumber Co.,* 363 U.S. 522, 4 L. ed. 2d 1371, 80 S. Ct. 1282.

"The existence of 'property' upon which the lien may attach must be determined under state law, but federal law determines whether that property is subject to the lien." 5 Rabkin & Johnson, Federal Income, Gift and Estate Taxation, § 73.06.

In the case of *United States v. Bess,* 357 U.S. 51, 2 L. ed. 2d 1135, 78 S.Ct. 1054, the taxpayer, a resident of New Jersey, was assessed for deficiencies in income taxes for the years 1945-1949. The taxpayer died in 1950. The proceeds of certain insurance policies on his life, under which he had retained change-of-beneficiary and cash-surrender rights, were paid to his widow. The taxpayer's estate was insolvent. In an action instituted in the United States District Court in New Jersey, the Court held the taxpayer's widow liable for the total of the deficiencies notwithstanding that it exceeded the cash surrender value of the policies. On appeal, the Third Circuit Court reduced the District Court's judgment to the amount of the cash surrender value of the policies (243 F. 2d 675). The Supreme Court of the United States allowed *certiorari* and affirmed the judgment of the Circuit Court. The taxpayer, prior to his death, did have a property right in the cash surrender value of the policies.

In *United States v. Anders Contracting Co.,* 111 F. Supp. 700, on 15 September 1950, the Government duly filed a tax lien against Anders Contracting Company for something over $8,000.00 in the proper recording office for Greenville County, South Carolina. On 6 April 1951,

the Auto Sales Company sold a Ford truck to the Anders Contracting Company, and, contemporaneously therewith, took a conditional sales contract, securing a note for the balance of the purchase price, which contract provided, among other things, that title to and ownership of the truck should remain in the seller and its assigns until the balance due on the purchase price was paid in cash.

On 5 July 1951, the Government filed another lien against Anders Contracting Company in the amount of $1,583.00.

The Auto Sales Company did not record its conditional sales agreement until 23 July 1951.

The Anders Contracting Company defaulted in its payments, and on 21 January 1952, the Auto Sales Company and the Deputy Collector of Internal Revenue agreed that the truck might be sold and the proceeds held in trust until title to the proceeds could be determined. The District Court held: "The position of the Government is not sustained by the rules of common law or those prescribed by the Recording Act of South Carolina, neither is it sustained by any equitable principle. The Government has suffered no loss by reason of the failure to record the chattel mortgage, and to hold that the Government could take the property, which had been sold to the taxpayer, even though title had been retained by the seller, would result in an unjust enrichment of the Government at the expense of the Auto Company."

In the case of *Gauvey v. United States*, 291 F. 2d 42 (U.S.C.C. 8th), the appellant on 1 May 1956 agreed to sell Basin Rig & Trucking, Inc. (hereinafter called Basin), certain personal property in accordance with the terms of a conditional sales contract, which, among other things, contained the provision that title to the property was reserved by the seller until the purchase price had been fully paid. The conditional sales agreement was not recorded until 17 April 1957. Delinquent withholding and excise taxes were assessed against Basin in November and December 1956, and on 19 February 1957, a tax lien for $8,368.25 was filed with the Register of Deeds of Williams County, North Dakota.

The United States District Court, under the above facts, gave a judgment in favor of the Government. See 185 F. Supp. 374. The District Court held the conditional sales agreement was not a mortgage within the meaning of § 6323 of the Internal Revenue Code of 1954. On appeal to the Circuit Court the Court said: "Being mindful that the Supreme Court has adhered to the principle that the statute is not to be extended to afford protection to holders of inchoate and unperfected liens, we are nevertheless satisfied that the conditional sale contract does not fall within that category. The lien provided therein came into existence upon execution of the contract * * *. While there ap-

pears to be a division in the courts on this question, we observe that the factor of recording is not mentioned in § 6323 and, in our opinion, this element should not be read into the statute as a condition precedent to the protection afforded the enumerated classes.

"Irrespective of the nomenclature employed, realistically the conditional sale contract was a mortgage within § 6323; appellant falls within the protected class and his lien is entitled to priority. Accordingly, the judgment is reversed with directions to enter a judgment in accordance with the views herein expressed."

Under the facts in the instant case, it is clear that A. E. Gurganus had no property right in the 1960 Valiant station wagon to which the tax lien of the Government could attach. *United States v. Bank of United States,* 5 F. Supp. 942; *United States v. Bank of Shelby,* 68 F. 2d 538; *United States v. Durham Lumber Co., supra.*

Since the liens of the Government were duly filed and the plaintiff's conditional sales agreement has never been recorded, the situation is analogous to that of a mortgagee who holds a duly recorded mortgage containing an after-acquired property clause. *Citizens Nat. Trust & S. Bank of Los Angeles v. United States,* 135 F. 2d 527.

In *Dry-Kiln Co. v. Ellington,* 172 N.C. 481, 90 S.E. 564, the plaintiff sold to the Ellington Building Supply Company, under a conditional sales agreement, the property in question. Prior thereto the Building Supply Company, a partnership, had executed a mortgage to the defendant, W. J. Ellington, securing certain indebtedness. (The mortgage covered supplies and property of all and every kind and description belonging to them or which they might thereafter acquire in connection with the business they were running.) The conditional sales agreement was never recorded.

The defendant denied the right of plaintiff to recover under its unrecorded conditional sales agreement. On appeal from a verdict in favor of plaintiff, this Court discussed the generally recognized principle that a mortgage with an after-acquired clause operates to create a lien on the after-acquired property in favor of the mortgagee when the property comes into existence. The Court added: "The principle, however, is subject to the qualification that the mortgagee who claims after-acquired property takes it in the same condition in which it comes into the hands of the mortgagor, and if at that time it is subject to liens the general mortgage does not displace them, nor does the failure to register the lien, existing at the time of the acquisition of the property by the mortgagor, have this effect, as the registration laws are intended for the protection of subsequent, not prior, purchasers and creditors. *Cox v. Lighting Co.,* 151 N.C. 62 (65 S.E. 648.)" *Motor Co. v. Jackson,*

184 N.C. 328, 114 S.E. 478; *Finance Co. v. Weaver*, 199 N.C. 178, 153 S.E. 861; *Silvertown Stores v. Caesar*, 214 N.C. 85, 197 S.E. 698, 43 A.L.R. 2d 815; *Goodrich Silvertown, Inc. v. Rogers*, 189 S.C. 101, 200 S.E. 91; *United States v. New Orleans Railroad*, 79 U.S. 434, 20 L. ed. 362; 10 Am. Jur., Chattel Mortgages, § 205, page 855; 15 Am. Jur. 2d, Chattel Mortgages, § 163, page 332, *et seq.*

In light of the foregoing statutes and authorities cited herein, we have reached the conclusion that the plaintiff's loss as assignee of the conditional sales agreement involved herein was not occasioned solely as the result of plaintiff's failure to record the instrument but to its failure to assert its lien against the United States. Therefore, the judgment below is

Reversed.