**GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,**

v.

**J. E. WALL, District Director of Internal Revenue, Defendant.**

**Civ. No. 2176.**

United States District Court
W. D. North Carolina,
Asheville Division.

March 19, 1965.

Max O. Cogburn and Charles G. Lee, Jr., Lee, Lee & Cogburn, Asheville, N. C., for plaintiff.

William Medford, U. S. Atty., Asheville, N. C., Louis F. Oberdorfer, Asst. Atty. Gen., Fred B. Ugast, Norman E. Bayles, Irwin J. Borof, Attys., Dept. of Justice, and John O. Jones, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

CRAVEN, Chief Judge:

This case arises on cross-motions for summary judgment. There are no genuine issues as to the material facts, which appear to be, from the stipulations, as follows:

On December 27, 1961, Leo M. KuyKendall purchased a 1962 model automobile from Murphy Chevrolet, Inc., of Canton, North Carolina. As part of this sale, and on the same day, he executed and delivered to Murphy a conditional sale contract, which provided, in part: "For the purpose of securing payment of the obligation hereunder, seller reserves title, and shall have a security interest in said property until said obligation is fully paid in cash."

Shortly after December 27, 1961, GMAC purchased the conditional sale contract, and KuyKendall thereafter made payments to GMAC reducing the balance under the agreement to $2,-187.60, which amount is presently due and owing.

On August 26, 1963, the United States, through the District Director of Internal Revenue, levied upon and seized the automobile in KuyKendall's possession to satisfy unpaid taxes for the years 1956, 1958 and 1959 in the total amount of $2,487.25, plus interest and lien fees. The subsequent attempted sale of the automobile by the United States was restrained, on motion of GMAC, by this court.

Thereafter, pursuant to a stipulation of the parties, the automobile was advertised and sold at public auction for $1,675.00, the proceeds being paid into the registry of the United States District Court pending the outcome of this action.

The conditional sale contract has not been recorded in the county where KuyKendall resides. On January 11, 1962, the North Carolina Department of Motor Vehicles issued to KuyKendall a certificate of title which indicated that a lien existed in favor of GMAC in the form of a conditional sale contract.

Notice of the federal tax lien for the year 1956 was filed in the Buncombe County Register of Deeds office on April 22, 1959; notice of the tax lien for 1958 was filed on November 2, 1959, and notice of the lien for 1959 was filed on August 23, 1962. It does not matter that the last filing date was *after* the GMAC loan. The first two liens amount to more than the property produced at sale.

Section 6321 of the Internal Revenue Code of 1954 (Title 26 U.S.C.A. § 6321) provides: "If any person liable to pay any tax neglects or refuses to pay * * * the amount (together with interest and penalties, if any) * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." The lien arises as of the date of assessment. 26 U.S.C.A. § 6322. When it arises, the lien is

good against any interest except that of a mortgagee, pledgee, purchaser, or judgment creditor of the taxpayer. It is not valid against these special interests until notice is filed in the office authorized by the law of the state in which the property subject to the lien is located. 26 U.S.C.A. § 6323(a) (1).

■ Since 26 U.S.C.A. § 6321 does not define property or property rights mentioned therein, this court must look to the law of North Carolina to determine whether there exists any property or property rights of the taxpayer under the conditional sale contract to which a federal tax lien may attach. Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); United States v. Bess, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958). But federal law determines whether such property, if any, is subject to the lien. 5 Rabkin & Johnson, Federal Income Gift and Estate Taxation 7332, Section 73.06(1).

In Planter's National Bank & Trust Co. v. South Carolina Insurance Co., 263 N.C. 32, 138 S.E.2d 812 (1964), a case factually identical to this one, the Supreme Court of North Carolina held that reservation of title in favor of the seller under a conditional sale contract is effective to give priority to the seller against federal tax liens filed against the purchaser both before and after the conditional sale contract is entered into, even though the conditional sale contract was never recorded. The court based its conclusion on the fact that the taxpayer-purchaser had no property right in the vehicle to which the tax lien of the Government could attach. The court said: "Since the liens of the Government were duly filed and the plaintiff's conditional sales agreement has never been recorded, the situation is analogous to that of a mortgagee who holds a duly recorded mortgage containing an after-acquired property clause." In such a situation the mortgagee who claims after-acquired property takes it in the same condition

in which it comes into the hands of the mortgagor. The failure to register the lien is of no consequence because "the registration laws are intended for the protection of subsequent, not prior, purchasers and creditors." Id. at 815; See 15 Am.Jur.2d, Chattel Mortgages Section 163.

Community Credit Co. v. Norwood, 257 N.C. 87, 125 S.E.2d 369 (1962), relied upon by the Government is thought to be distinguishable. Planter's, moreover, is the later case and is controlling.

The Government, in effect a prior creditor, is unable to show a detrimental change in its position by reason of GMAC's failure to record the conditional sale contract. As stated in United States v. Anders Contracting Co., 111 F.Supp. 700 at 704 (D.C.S.C.1952): "The Government has suffered no loss by reason of the failure to record the chattel mortgage, and to hold that the Government could take the property, which had been sold to the taxpayer, even though title had been retained by the seller, would result in an unjust enrichment of the Government at the expense of the Auto Company."

■■ Title 26 U.S.C.A. § 6321 provides for a tax lien in favor of the United States "upon all property and rights to property * * * *belonging to such person.*" (Emphasis supplied.) The United States can acquire no better right to property than that of taxpayer. Equitable Life Assurance Society of United States v. United States, 331 F.2d 29 (1st Cir. 1964); Karno-Smith Co. v. Maloney, 112 F.2d 690 (3rd Cir. 1940). Therefore, where it is shown (as here) that the property sought to be attached is not the property of the taxpayer, the federal tax lien will be defeated.[1] United States v. Kings County Iron Works, Inc., 224 F.2d 232 (2d Cir. 1955).

It is adjudged that the Government is not entitled to the proceeds in question by reason of its tax liens. Summary judgment will be entered for GMAC.

[1]. This is not to say that a tax lien may not attach to the taxpayer's equity, if any, in property subject to a conditional sale contract.