### Philip Stein et al., Appellees, v. Automatic Electric Company, Appellant.

#### Gen. No. 14,841.

1. PARTIES—*when objection to non-joinder of proper plaintiff comes too late.* An objection to the non-joinder of a proper plaintiff comes too late when first made on appeal.

2. EVIDENCE—*right of witness to refresh recollection.* A witness has the right to use memoranda made by himself for the purpose of refreshing his recollection.

3. EVIDENCE—*when restriction of cross-examination will not reverse.* The extent of cross-examination and the latitude to be allowed rest in the sound discretion of the trial judge, and unless such discretion has been abused, a restriction imposed upon the cross-examination will not work a reversal.

4. ACCORD AND SATISFACTION—*what not dispute which will support.* An offer to compound a claim by the payment of a lesser sum resulting from the financial stress of the debtor, does not inject the element of dispute, where none before existed.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. W. N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

ALBERT E. WILSON, for appellant; SEARS, MEAGHER & WHITNEY, of counsel.

TENNEY, COFFEEN, HARDING & SHERMAN, for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The plaintiffs, a firm of practicing lawyers at the Chicago bar, brought this suit in the Municipal Court of Chicago against defendant for legal services rendered to the Strowger Exchange, subsequently merged into defendant company, as its attorneys in matters of considerable importance, and recovered a judgment entered upon the verdict by a jury for $9,000, and defendant brings the record to this court for review, on an appeal, and asks a reversal of that judgment.

It is argued that the rulings of the trial court in allowing the senior plaintiff to testify from a memorandum prepared by him, in admitting as evidence conversations relating to an alleged offer to compromise, in limiting the cross-examination of plaintiff, Philip Stein, a witness testifying for plaintiffs, and in giving certain instructions, are so erroneous as to necessitate a reversal; and further, that the services for which compensation is sought were not rendered for or at the request of the Strowger Exchange, but for certain directors, who were in a factional fight for control of the corporation, and that there is a want of proper parties plaintiff.

Preliminary to deciding the cause upon the merits we will dispose of the motion of plaintiffs to strike the bill of exceptions from the record, which was reserved to the hearing. Were this motion allowed, the ultimate effect on the rights of the parties would be the same as a decision of affirmance resting upon the merits. Therefore, without elaborating the reasons which impel us to deny the motion, we will say that a careful examination of the record and of all that has been said for and against the motion convinces

us that it should be denied, and it is accordingly so ordered.

Plaintiffs' firm, at the inception of the services rendered, was composed of plaintiffs and Judge Hume of the Municipal Court of Chicago. Upon the accession of Judge Hume to the Municipal Court, the legal partnership was dissolved and the present firm established as successor thereto, and the interest of the retiring partner in the claim before us assigned to the new firm. Whatever effect section 18 of the Municipal Court Act may have upon this situation, the fact remains that neither pleading nor motion in the Municipal Court suggesting a want of proper parties, or calling for a ruling of that court upon the question of parties plaintiff, was made, and it comes too late when made here for the first time. It would be preposterous to send a meritorious cause back to the trial court for a new trial because a person not interested in the cause at the time suit was started was not joined as plaintiff after the cause had been tried, without objection on that ground being made in the court below. Motions or pleadings which are in their essence or nature dilatory must be interposed at the first opportunity in order to be availing. If the right to raise this question ever existed, it has been lost for lack of diligence in raising it in the trial court.

It appears that the retainer of plaintiffs was brought about through Kesner, Nast & Campbell, officers of the Strowger Automatic Telephone Exchange, who rebelled against certain actions, conduct and manipulation of one Joseph Harris, the president of the exchange (who by sufferance and the inactivity of the directors had been allowed practically to dominate the business of the Exchange) in his dealings for the exchange with the defendant Automatic Electric Company. An understanding of the facts from the record which are not denied conclusively demonstrates that the vital existence of the exchange was involved in such dissensions. To correct the wrongs done by

Harris to the exchange, through which at this time its stock had been rendered almost worthless, plaintiffs were retained with directions to wage a vigorous legal warfare against defendant to right the wrongs perpetrated through Harris and to restore the exchange to the property and business of which it had been wrongfully divested. Later a resolution was passed by the board of directors authorizing plaintiffs, as its attorneys, to institute legal proceedings against defendant to enforce its rights. From the 22nd day of February, 1906, to the ninth day of October, 1907, plaintiffs instituted a considerable volume of litigation and rendered much valuable legal service which inured to the material benefit of their clients and terminated finally in the absorption by defendant of the Strowger Exchange and its amalgamation into the defendant corporation. By the consolidation of these two corporations defendant took over its assets and became responsible for its liabilities. In fact its liability, if any exists, is not seriously disputed; that is to say, if the services were rendered for the Strowger Exchange and the exchange was liable to plaintiffs, then defendant is liable. The defenses interposed to defeat such liability are limited to such as could be successfully urged by the Strowger Exchange but for the consolidation of the two corporations.

Without reciting the evidence here, it is sufficient to say that a careful perusal of it convinces us that the amount of the verdict and judgment is amply sustained by the proofs in the record, which satisfies legal requirements as to its admissibility. It is not controverted but that the services, covered by the hypothetical question put to the eminent counsel who answered it, were rendered by the plaintiffs, and their estimate of value, as to which they were well qualified to give testimony, sufficiently established the reasonableness of plaintiffs' charges, within the limitations of which the verdict was rendered and the judgment thereon entered. But it is said that the plaintiff, Philip Stein,

in giving his testimony referred to a typewritten memorandum which he had prepared from original data in his possession, about all of which he had positive recollection, and that thereby the rule of law that such memorandum could not be resorted to except for the purpose of refreshing the memory of the witness, was contravened. As we read the evidence and the rulings of the court in admitting it, this contention finds no support except in the assumption of the counsel who tried the case in the Municipal Court and who is not on the briefs in this court. As illustrating this point we will indulge in some quotations from the record of Philip Stein's examination and testimony. In answer to a question of defendant's counsel, interrupting his examination in chief, Mr. Stein said, "* * * I have prepared a statement here of the principal items based upon the entries then made by me in my charge book, which I have here. * * *"

"MR. TENNEY: Q. Refreshing your recollection from that Judge, does that refresh your recollection so that you can state these facts? A. Yes." After an objection by defendant's counsel the presiding judge remarked, "I understand he may use the memorandum for the purpose of refreshing his recollection." Mr. Tenney then said, "Yes, he may do that," and the witness responded, *"That is all I am doing."* After many objections by defendant's counsel and a colloquy between him and the court about the memorandum, the court ruled thus: "I think he may use it. I understand you may use any document that serves to refresh your recollection of the things concerning which the witness is testifying;" and again the court said, "He may state his recollection of it, and if he has omitted anything he may look at this paper and refresh his recollection." Mr. Tenney then said, addressing the witness, "That is all right, use the paper to refresh your recollection as you go along." On this witness attempting to read a summary of certain contracts from his momorandum, counsel yielded to

the objection of defendant and the original contracts were offered and received as being the best evidence. The attitude of counsel for plaintiffs and the court, as well as that of the witness, leads us to no other conclusion than that the use made of the memorandum by the witness was restricted to the refreshing of his memory in relation to the matters about which he gave evidence. This was in consonance with the law controlling such condition. Bonnet v. Glattfeldt, 120 Ill. 166; Graham & Morton Trans. Co. v. Young, 117 Ill. App. 257.

We do not regard the conversations with Sello, the secretary of the Strowger Exchange, detailed by the witness Philip Stein, as relating to a compromise or settlement of a disputed claim. Plaintiffs' claim was not disputed anterior to the bringing of this suit. The attempt to settle was not based on a dispute as to the amount of the claim, but related to the inability of the parties to pay it for the lack of sufficient funds to meet it in full. The testimony stricken out on the motion of defendant might well have remained in the record, as it was free from error and consequently in being primarily admitted could not tend to prejudice defendant's case. As logically said by counsel for plaintiffs in their brief, "there can be no compromise of a claim or an offer to compromise it unless it be in dispute, unless there be a controversy about it." An offer to compound a claim by the payment of a lesser amount, resulting from the financial stress of the debtor, does not inject the element of dispute, where none before existed. Teasley v. Bradley, 120 Ga. 373.

The trial judge did not unduly limit the cross-examination of the witness Philip Stein. Such cross-examination was quite thorough, and nothing excluded would, in our judgment, if admitted, have added to its force in weakening his direct testimony. The extent of cross-examination and the latitude to be allowed rest in the sound discretion of the trial judge, and we

are unable to perceive that in the instant case such discretion was abused.

We find no such errors in the instructions criticised which adversely affected the rights of defendant upon the merits of the whole case as would justify the awarding of a new trial. The record is free from reversible error. The trial was fair and in accord with legal precedents, and the judgment of the Municipal Court must therefore be affirmed. While we do not intend to be understood as holding that plaintiffs' additional abstract was not justified in the abundance of caution, yet as we have been able to arrive at the conclusion which we have reached without reference to it, the motion to tax the expense of printing it at the statutory rate as a part of the costs of the appeal is denied.

The judgment of the Municipal Court is affirmed.

*Affirmed.*