**Sears Roebuck and Company, Appellant, v. Piasa Building and Loan Association, Appellee.**

Opinion filed June 4, 1934.
Rehearing denied August 27, 1934.

DEGEN & KRAMER and TERRY, GUELTIG & POWELL, for appellant.

GILSON BROWN, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

In 1929, Barney Arst, being the owner of an apartment building in the City of Alton, executed a real

estate mortgage thereon, in favor of appellee. In June, 1931, and August, 1931, he purchased of appellant, Sears Roebuck and Company, certain chattels, such as bathtubs, sinks, lavatories, toilet outfits and soil pipes, which were duly set up by workmen of appellant in said building, being attached after the usual manner of such goods, by screws and bolts, with the pipes through the walls, which are of brick. Arst, at the time of purchasing such plumbing utensils, executed to appellant, conditional sales contracts, in which it was recited that title and right of possession should remain in appellant until the sale price was fully paid.

In November, 1931, Arst was adjudicated bankrupt. At a hearing before the referee, relative to such bankruptcy, appellant, by its representative, asked leave to file a petition to reclaim the aforementioned articles, whereupon the trustee abandoned the real estate in question. Appellee was granted leave to foreclose its mortgage, and the parties were relegated to their remedies in the State courts. Appellee then proceeded to file a bill to foreclose the mortgage; decree was entered, sale was had, and in due course deed for the premises was delivered to appellee. Pending foreclosure, a receiver was appointed by the court. Appellant was not made a party to the foreclosure suit, and never filed a claim for mechanic's lien.

In August, 1932, the purchase price not being fully paid, appellant started a replevin action before a justice of the peace, to regain possession of the said chattels. Judgment was entered in its favor for $493 and costs, from which appellee perfected its appeal to the circuit court, where a jury was waived and the cause heard before the court, who found the issue in favor of appellee, and from which judgment appellant has prosecuted this further appeal.

Appellee contends that the receiver in foreclosure was the proper party defendant, and that suit should have been brought against him.

It appears from the transcript of the justice that, among other entries, was the following: "Continued to August 27, 1932. Agreed by parties to suit that judgment by default be entered, and if unable to agree to settlement, appeal be taken by defendant." Herein, almost at the inception of the case, was an admission of record that the suit was properly brought, and that judgment might be entered therein, subject to defendant's right of appeal if the parties thereafter could not agree upon settlement. After such admission, and after the cause had proceeded to judgment, appellee could not, in the face of such conduct, raise the question of defect of parties in a court of review. *Eckels v. Muttschall*, 230 Ill. 462. Furthermore, there appears, on page 3 of appellee's brief, the further statement of its position, "the defense in the circuit court was that the fixtures had become a part of the realty, and that plaintiff had been guilty of laches." Here it is disclosed that appellee was relying solely upon the grounds mentioned in the statement just quoted, and it also is shown by the record that in the circuit court, no motion or objection was made by appellee upon the ground that the wrong party defendant was sued. Such objection must be made in the trial, in cases like this, where the defect does not appear upon the face of the pleadings or record, and same comes too late when first urged in a court of review. *Stein v. Automatic Electric Co.*, 152 Ill. App. 392.

The plumbing fixtures having been sold under a conditional sales contract, title to same remained in appellant, the goods not having been fully paid for, unless it had, by conduct, estopped itself from asserting its title, of which there is no evidence in the case; *Sherer-Gillett Co. v. Long*, 318 Ill. 432; or unless, by their affixation to the realty, they thereby became part of the freehold.

In determining whether chattels so attached to real estate become a part thereof, or retain their character

as personalty, the test is fixed by well settled legal rules.

An agreement that an article attached to real estate shall be removable, or remain personalty, is ordinarily given full effect as against a mortgage of the realty, made previous to the affixation, in so far as this will not interfere with the security of the mortgage, where the mortgagee has not been misled and has advanced nothing on the faith of the chattels being so attached. *Sword v. Low,* 122 Ill. 487, 489; *Northwestern Mut. Life Ins. Co. v. George,* 77 Minn. 319, 79 N. W. 1028; *Binkley v. Forkner,* 117 Ind. 176, 19 N. E. 753; *First Nat. Bank of Waterloo v. Elmore,* 52 Iowa 541, 3 N. W. 547; *Edwards & Bradford Lumber Co. v. Rank,* 57 Neb. 323, 77 N. W. 765; *Campbell v. Roddy,* 44 N. J. Eq. 244, 14 Atl. 279.

In *Sword v. Low, supra,* it is further held, the attachment of such chattels to realty does not divest them of their character as personalty, where the parties so agree, provided their fixation is such that they may be removed without material injury to the article itself or to the freehold; and on page 500 of such case, speaking of this subject, it is said: "It may be conceded that such articles, even slightly affixed to the realty, will, in the absence of circumstances raising a contrary presumption, or evidence showing a contrary intention, be presumed to have been attached as permanent accessions to the soil; yet it is apparent, from the authorities, that however permanently attached, if removable without material injury, the intention, to be inferred from the circumstances, and the relation of the parties to each other and to the realty, or as shown by the evidence, will be of controlling and decisive importance."

Measured by this rule, it is apparent that appellant and Arst both regarded the plumbing fixtures as personalty, and intended that they should so remain, until the price thereof was fully paid. The conditional sales

contracts expressly stipulate that they were to remain the property of appellant until they were fully paid for. This is wholly inconsistent with any idea that they were intended to become part of the realty. We entertain no doubt that the parties designed and purposed that they were to be, and remain, articles of personalty until paid for, and by their attachment to the building were not to lose their character as such.

As to whether or not the articles could be removed without substantial and material injury to the freehold, while the evidence bearing upon the subject is meager, we are of opinion that same can be done without any serious or lasting damage to the building, and that the cost of repairing, or covering the marks, or filling the holes, to be occasioned by their removal, would be trifling. The appellee would not be damaged thereby. Its loan was made upon the building as it existed before the installation of the chattels, and with no expectation that they would be placed in the structure. It acquired, by foreclosure, the same property it would have acquired if the plumbing had not been done, and its situation will not, in any way, be altered to its prejudice.

Lastly, it is argued that appellant has been guilty of laches, which should defeat its right to recovery. It appears that the trustee of Arst's bankrupt estate abandoned the apartment building, which remitted the parties to their remedies in the State courts for the protection of their rights. Appellant had the full statutory period in which to assert its claim. Within nine months of the time Arst became bankrupt, it had instituted this replevin action. This was moving with reasonable promptness and celerity, and appellee was not thereby induced to change its situation nor suffer any loss of rights. We do not think there is any ground shown by this record to sustain a defense of laches.

It is our conclusion that appellee is not entitled to claim the plumbing fixtures in question, as against appellant, their unpaid vendor, under its conditional sales contract. Appellant has made no claim for damages for the detention of the chattels replevied, hence, it should only be adjudged to have and retain the same.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*