Sears Roebuck and Company, Appellant, v. Piasa
Building and Loan Association, Appellee.

Opinion filed November 9, 1936.  Rehearing
denied December 14, 1936.

TERRY, GUELTIG & POWELL, of Edwardsville, for appellant.

GILSON BROWN, of Alton, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal by Sears Roebuck and Company, appellant, from a judgment of the circuit court of Madison county that it have and retain certain plumbing supplies and fixtures for which it had commenced an action in replevin. This cause was heard on a former appeal and the facts are fully set forth in the opinion of the court in *Sears Roebuck & Co. v. Piasa Bldg. & Loan Ass'n*, 276 Ill. App. 389.

Appellant assigns as error the refusal of the trial court to enter a judgment in its favor for the value of the property in trover, and the entry of the above mentioned judgment in its favor in replevin.

Appellant contends that the replevin action orig· inally instituted by it before a justice of the peace, became by virtue of section 18 of ''An Act to Revise the Law in Relation to Replevin'' (Ill. State Bar Stats. 1935, ch. 119, ¶ 18) an action in trover, upon the failure of the officer to deliver up the property in pursuance of the writ.

Section 18 provides:

''When the property or any part thereof has not been found or delivered as aforesaid, and the defendant is summoned or enters his appearance, the plaintiff may proceed, under original or amended complaint, as in an action for the wrongful taking and detention of such property or so much thereof as is not found and delivered to the sheriff, constable or other officer, and as to the property not found and delivered, the plaintiff, if he shall recover, shall be entitled to judgment for the value thereof or his interest therein, and such damages as he shall have sustained by reason of the wrongful taking and detention.''

The constable's return on the writ is as follows:

''The plaintiff having given bond, as required within, which bond is hereto attached, I have personally served the within writ by leaving the property described in Klinke Building at 550 East Broadway, and reading said writ to said defendants Sec., Otto Chichler Sec., and Barney Arst, this 5th day of August A. D. 1932.''

The parties agreed upon a default before the justice of peace and agreed that if settlement of the cause could not be had, appeal would be taken to the circuit court by the defendant. A money judgment was entered in favor of the appellant.

The cause was formerly tried in the circuit court on appeal from the justice of the peace, and judgment was entered in favor of the appellee, defendant in

the original suit in replevin, that it have and retain the property.

On the former appeal above referred to this court reversed the judgment of the circuit court and remanded the cause for a new trial and for such other proceedings as justice might require, and judgment was given that appellant recover its costs.

In our former opinion we said: "Appellant has made no claim for damages for the detention of the chattels replevied, hence, it should only be adjudged to have and retain the same."

Appellant has never, of record, declared in trover.

Certain allowances must be made for confusion which can arise where suits are begun before a justice of the peace and in consequence thereof no written pleadings are filed. However, a careful re-examination of the proceedings on the former appeal discloses that appellant has now raised, for the first time, the claim that, as a matter of law, it is entitled to a money judgment instead of a judgment that it have and retain its property.

Appellant's statement of the case on the former appeal begins: "In this case, commenced in a justice court, and appealed to the Circuit Court, appellant herein referred to as plaintiff, seeks, by replevin to obtain possession of certain plumbing goods described in the affidavit of replevin. . . ." Appellant's prayer for relief in the fomer appeal was: "We respectfully urge that the judgment of the trial court should be reversed, and judgment entered here in favor of appellant awarding it the property replevined, or for the value thereof, as represented by the balance due on the purchase price of the property, totaling $399.50, concerning which there is no dispute, or that the case be remanded to the trial court for a new trial according to law."

All of the propositions of law which appellant on former appeal asserted the trial court had erred in

refusing, concerned appellant's right to possession. Neither in the points relied on for reversal, nor the brief, nor the argument on former appeal, did appellant claim anything other than the right to possession.

Neither did appellant on former appeal, in its statement of facts or elsewhere, suggest to this court the difficulties which it now claims arise from the method of serving the replevin writ. Neither did appellant state that it had declared or had attempted to declare in trover.

Appellant did not apply for a rehearing. Appellee's petition for a rehearing was denied.

Appellant, having prayed for relief in the alternative, and having stated its case at every possible step in such a manner as to direct one of the alternatives, now asks the court to consider new matter pointing to the other alternative and says that the relief it obtained is of no value.

The long established rule that all questions which might have been presented to this court in a single suit on appeal are settled as conclusively by the decision in the suit as if they had been presented, does not require citation of authority.

It is not necessary or proper for this court now to pass on any of the new questions presented, in any other way than to hold that we cannot review the propriety of the relief prayed for and granted on the former appeal or the propriety of the judgment of the trial court following the holdings of this court on the matters presented to this court by the record.

We find nothing in the record to indicate that a practical issue has been presented on the matter of the effectiveness of the judgment given.

The judgment of the circuit court of Madison county will therefore be affirmed.

*Affirmed.*