# CHARLESTON

STATE V. DECKER.

Submitted January 27, 1915.    Decided February 2, 1915.

1. CRIMINAL LAW—*Action Tried by Court—Demurrer to Evidence.*
   On writ of error to a judgment rendered in a case tried by the court in lieu of a jury, this court will consider the case as if upon a demurrer to the evidence, regarding the plaintiff in error as demurrant.    (p. 565).

2. INTOXICATING LIQUORS—*Wrongful Sale—Receiving Orders.*
   One who, without a state license to sell spirituous liquors, prior to July 1, 1914, received orders therefor, even though he did not solicit them, is guilty of violating clause (c), section 1, chapter 32, Code 1913.    (p. 565).

Error to Circuit Court, Lincoln County.

A. A. Decker was convicted of selling, etc., spirituous liquors without a state license, and he brings error.

*Affirmed.*

*D. E. Wilkinson,* for plaintiff in error.

*A. A. Lilly,* Attorney General and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

WILLIAMS, JUDGE:

Defendant was convicted upon an indictment found at the June term, 1913, charging him with "selling, offering and exposing for sale, soliciting and receiving orders for spirituous liquors" without a state license therefor, and was adjudged to pay a fine of $25.00 and to be confined in jail for sixty days, and brings error.

Defendant having waived a jury, the case was tried by the court. We do not see that he committed any error. The rule of this court is to consider the case as if upon a demurrer to the evidence, plaintiff in error being regarded as the demurrant. *Board of Education* v. *Parsons,* 24 W. Va. 551. Hence, if the evidence is such as would have justified the court in overruling a motion to set aside a verdict of a jury found

upon it against the plaintiff in error, the finding of the court must be sustained. *Dempsey v. Norfolk & Western Railway Co.,* 69 W. Va. 271; and *Butcher* v. *Sommerville,* 67 W. Va. 267. But, independent of this rule, we think defendant's guilt is shown by his own admission that he received orders for spirituous liquors. The proof is that he occupied a building at Yawkey, in Lincoln county, which he rented from C. W. Eagler who conducted a licensed saloon in McCorkle, Kanawha county, and sold malt and other soft drinks in this building; that he had on hands, in his store, blank orders for liquors, containing a list of prices at which Eagler sold it, and also envelopes addressed to him at McCorkle. Persons would come into defendant's place of business, fill out orders for such quantities of liquor as they might want, enclose them, together with the money, in the addressed envelope and turn it over to defendant, he would then deliver it to the hack driver who operated a hack line between the two points. On the day following the party making the order would come to defendant's place of business and receive from him the package of liquor left in his care by the hack driver. Defendant admits all this, and if it does not amount to receiving orders for liquor, we fail to see what could properly be so regarded. The statute, Clause (c), Sec. 1, Ch. 32, Code 1913, makes the receiving of orders for spirituous liquors, as well as the soliciting of them, an offense. The two terms are connected by the disjunctive *or,* not the conjunctive *and.* Defendant denies that he solicited orders, but the receiving of them alone was a violation of the statute. The judgment is affirmed.

*Affirmed.*