## CHARLESTON.

### C. W. Freeman v. C. M. Truax

### (Nos. 5789, 5787)

Submitted January 25, 1927.  Decided February 1, 1927.

Husband and Wife—*Creditor of Husband Cannot Obtain Lien Against Wife's Property, in Suit Against Husband to Which Wife is Not Party.*

A creditor of the husband cannot obtain a lien against property of the wife, in a suit against the husband to which she is not a party.  (p. 133).

(Husband and Wife, 30 C. J. § 816 [Anno].)

2.   Appeal and Error—*Cross-error Will Not be Heard, When Assigned by Party Whose Interest is in no Way Affected; Claimant of Attached Property, Allowed All it Was Entitled to Claim, Cannot Assign Cross-error for Allowance in Favor of Another Creditor.*

Cross-error will not be heard, when assigned by a party whose interest is in no way affected by the error.  (p. 135).

(Appeal and Error, 3 C. J. 1567 [Anno].)

3.   Fixtures—*Expensive Curtains, Draperies, and Shades, Attached to Dwelling by Tenant Without Intention to Make Them Part Thereof, Did Not Become Part of Realty (Code. c. 99A, § 7).*

Expensive curtains, draperies, shades, etc., were attached to a dwelling by a tenant, to make it more comfortable and attractive, with no evidence of intention that they should become a permanent acquisition to the freehold.  Their removal could be effected without material injury to the building.  Held: The furnishings are not so affixed to the realty as to become a part thereof as contemplated in Sec. 7, Ch. 99A, Code.  (p. 135).

(Fixtures, 26 C. J. § 89.)

(Note:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Woods, Judge, absent.

Error to Circuit Court, Mercer County.

Assumpsit by C. W. Freeman against C. M. Truax, in which the Thurman & Boone Company and S. M. Lambert claimed attached property.  To review a judgment in favor of the first-named claimant as the holder of a prior lien, plaintiff and claimant Lambert separately bring error.

*Affirmed.*

*A. J. Lubliner* and *John Kee,* for plaintiffs in error.

*Poindexter & Poindexter,* and *French, Easley & Easley,* for Thurman & Boone Company., Inc.

HATCHER, PRESIDENT:

(No. 5789)

This case originated in an action of assumpsit in the circuit court of Mercer county, brought by C. W. Freeman against C. M. Truax, to recover $5000.00. The action was commenced June 26, 1925, at which time an attachment was levied upon certain furnishings and household goods in a dwelling owned by Freeman and rented by Truax. Judgment was rendered Sept. 19, 1925, in favor of Freeman for the amount sued for, and a sale of the attached property was ordered. In Nov., 1925, Thurman & Boone Company, of Roanoke, Va., filed a petition in this case, claiming all the attached property by reason of reservation of title thereto in a written conditional sales contract, under which it had sold the same to Anna Lee Truax, (wife of C. M. Truax), on April 28, 1925. The price of the property was $4798.75, of which $1038.75 had been paid. The contract was recorded in Mercer county on June 29, 1925.

The right to the property was tried by the court in lieu of a jury. The court found in favor of the Company for the balance due on its contract, to-wit: $3773.63, and in favor of Freeman for the sum of $1038.75, which the evidence developed had been paid on the furnishings by Truax. The court adjudged both claims to be liens on the property, but gave priority to that of the Company. Freeman prosecutes error here.

Freeman points to the $1038.75 paid by Truax as the only payment made on the property. He proved that Mrs. Truax had no means of her own, and that Truax had stated to a witness that he had bought the property from the Company. Freeman contends that the evidence demonstrates that Mrs. Truax acted merely as the agent of her husband in selecting

the goods; that Truax was the real purchaser; and that the attached property is subject to his entire claim.

On behalf of the Company it was proven, without contradiction, that before the purchase Truax had told a salesman of the Company that his wife had some money and that she was going to buy some furniture; that she did make all the purchases herself, unaccompanied by her husband except in the selection of a bedroom and dining room suit; that the sales slips were made out in her name, the sales contract signed by her, the draft for $1038.75 drawn on her and the notes for the balance of the purchase price signed by her. Truax was not known in the transaction in any way by the Company, and the sale to Mrs. Truax was bona fide in every respect so far as the Company was concerned. Anything done or said by Truax after the sale and contract could not affect the status of the Company; but the Company was not even informed that its draft for the initial payment had been met by Truax, or that he had stated that he had bought the property from it.

Consequently, the plaintiff was in the position in this trial of having attached property in which only the wife had an interest, to satisfy the debt of the husband. This the plaintiff could not do against the Company, under the pleadings and proof in this case.

It is further contended that even if it be held that Mrs. Truax was a bona fide purchaser of the goods, the $1038.75 paid by Truax thereon, gave him an interest therein, and that such interest is not only liable to the attachment, but that Freeman should have a first lien on the goods for that amount.

Under the conditional sales contract, the Company retained the legal title to the furnishings, while Mrs. Truax acquired only an equitable interest therein. The payment of $1038.75 on the purchase price by Truax, in the absence of evidence to the contrary, will be assumed to have been a gift from him to his wife. This gift was made at a time when Truax appears to have been indebted to Freeman. Upon this theory Freeman had the right on June 26, 1925, to have pursued

this gift into the hands of the wife. But he did not adopt the proper remedy to secure that right. His declaration in this case does not include Mrs. Truax as a party, and she did not appear thereto. Assuredly, her interest can not be affected in a suit to which she is not a party.

On June 29, 1925, the Company perfected its right to the property by having its contract recorded. When that was done, Freeman lost the opportunity to secure priority. Any right that he could thereafter impress on the interest of Mrs. Truax would necessarily be subordinate to that of the Company. She should have been made a party to this suit; but the failure to do so was common to both parties hereto, and neither can now complain of that failure.

The Company assigns as cross-error the allowance in favor of Freeman. The failure to implead Mrs. Truax would sustain cross-error if assigned by her. The amount allowed the Company by the court is all it is entitled to claim. The Company cannot be affected by the allowance of other claims, so long as its lien is given the preference.

The judgment of the lower court is therefore affirmed.

*Affirmed.*

(No. 5787)

On Dec. 1, 1925, S. M. Lambert purchased from C. W. Freeman the house referred to in suit No. 5789 as the one rented by Truax. The window shades, curtains, draperies, etc., were still in the house on December 1. On January 11, 1926, Lambert filed his petition in the above case, claiming that the said fixtures had been permanently attached to the house, and as part of the real estate, passed to him with his purchase. The Thurman & Boone Company controverted Lambert's claim. Both parties waived a jury and submitted their rights to the fixtures to the court. The court found in favor of the Company, and Lambert feels aggrieved thereby.

The evidence on behalf of the Company shows that the furnishings were affixed to the walls by small nails which did not penetrate the wood more than one-half to three-quarters of an inch, and that those nails could be drawn and

the furnishings removed from the walls without material injury thereto. It is true that Lambert and his witnesses thought that such removal would cause considerable damage to the walls, but he is now in the position of a demurrant to the evidence, and waives his evidence which conflicts with that of the Company. *State* v. *Decker,* 75 W. Va. 565.

The fixtures in question were affixed to the dwelling by the tenant to render its use more comfortable and attractive. The very nature of these furnishings, the insecure manner in which they were attached to the walls, and the fact that they were affixed by a tenant, repel the idea that they were so affixed to the realty as to become a part thereof, as contemplated in Sec. 7, Ch. 99A, Code. A standard test in determining whether an article annexed to realty becomes a permanent acquisition to the freehold, is the intention of the party affixing it. The cost of the fixtures in question was about $760.00. It is unreasonable that Mrs. Truax, who did not have sufficient money to pay cash for her purchases, intended to so affix them to the rented property as to gratuitously present them to the landlord. *Garthland* v. *Hickman,* 56 W. Va. 75 (85); 26 C. J. 704. "The mere fixing and fastening is not alone to be considered, but the use and nature of the article and the intention of the parties. So, if furnishings are in their nature articles of furniture, the fact that they were fastened to the walls, for safety or convenience, does not deprive them of their character as personal chattels and make them a part of the realty." Jones Landlord and Tenant, p. 830.

The judgment of the lower court is therefore affirmed.

*Affirmed.*