# CHARLESTON.

INDUSTRIAL BANK OF RICHMOND *v.* HOLLAND FURNACE CO. *et al.*

(No. 6557)

Submitted May 6, 1930.  Decided May 13, 1930.

· *Thomas West* and *Daugherty & Daugherty*, for plaintiff in error.

*C. C. Douthitt* and *Vinson, Thompson, Meek & Scherr*, for defendant in error.

HATCHER, JUDGE:

. This is an action in detinue for the possession of a furnace, the plaintiff obtaining judgment.

On November 1, 1925, the plaintiff was given a deed of trust upon the residence property of B. G. and Betty Moseman to secure a loan of $8,500. On October 2, 1926, the defendant sold a furnace of the value of $500 to the Mosemans. Only $15 was ever paid by the purchasers. The sales contract was in writing and contained the following provisions: ''If you dispose of the real estate in which the furnace is placed, the balance remaining unpaid on this contract becomes due at

once, and you are to pay same within forty-eight hours after you have disposed of said real estate and your failure so to pay us shall constitute wrongful conversion of our money or property. The furnace and piping in basement shall remain personal property at all times and the title thereto shall remain in us until final payment therefor, with the right in us to remove same in default of payment.''

All piping had been prepared before the furnace was installed and it was designed with reference thereto. Because of its size and weight it was dismantled before installation and removal. It was set up in the basement of the residence but was not attached to the floor, being held in place by its own weight. At each connection with a hot or cold air pipe, was a collar, two screws, and a wrapping of asbestos.

The plaintiff had no knowledge of the sales contract, and it was not recorded. On January 12, 1929, the residence was sold under the deed of trust, the plaintiff becoming the purchaser. The deed from the trustees recited a consideration of $300. Subsequently defendant asked permission of plaintiff to remove the furnace, which was refused. Defendant then placed the matter in the hands of attorneys, and later its agents, accompanied by ''an officer of the law'' who had the key to the residence, repossessed the furnace. Why the officer had the key does not appear.

As the furnace was connected with the piping in such a manner that it could be detached without damage to the building, the intention of the parties when it was installed becomes the controlling factor in whether it became a fixture. Bronson on Fixtures, § 21 (d) ; Ewell on Fixtures (2d Ed.) 30, 31; *Freeman* v. *Truax*, 103 W. Va. 132, 136, 136 S. E. 697; *Kanawha Nat. Bank* v. *Coal Corporation*, 107 W. Va. 397, 148 S. E. 383, and authorities cited on page 401. That intention as stated in the sales contract was that the furnace ''shall remain personal property'' until paid for, with the right of removal in case of default in payment. The weight of modern authority upholds such a contract as against a prior secured creditor; particularly when he advanced nothing on the faith of the annexation and the chattel annexed may be detached

without impairing the creditor's original security. Bronson, supra, § 29 (a) ; 26 C. J. p. 684, § 49; 11 R. C. L. p. 1066, § 9. The furnace was not paid for, so personal property it remained with the legal title in the defendant. The clause in the contract as to the seller's right in case the property be sold is merely cumulative, and does not displace the express designation of the status of the furnace.

It is settled law that the purchaser at a trustee's sale of realty acquires all the title of the grantor at the time of making the trust deed together with any after-acquired right secured by him which has inured to the benefit of the secured creditor. 3 Jones on Mortgages (8th Ed.) § 2122, pp. 623-625 ; 41 C. J. 996. The title acquired by the Mosemans under the conditional sales contract was only a special equitable property right in the furnace. *Cook* v. *Ins. Co.*, 105 W. Va. 375, 376, 143 S. E. 113, 61 A. L. R. 657. That equitable right, but not the furnace itself, became subject to the deed of trust in favor of the plaintiff. *Hurxthal's Ex'x.* v. *Hurxthal's Heirs*, 45 W. Va. 584, 586, 32 S. E. 237 ; 1 Jones supra, pp. 711, 712, and cases there cited. Consequently, the interest in the furnace which passed to the plaintiff as the purchaser at the trustees' sale was merely the special equitable right therein of the Mosemans.

The plaintiff relies on the well-established rule that a subsequent purchaser for value and without notice is ordinarily not affected by such an agreement as the one between the defendant and the Mosemans. See 26 C. J. p. 581, § 47; 11 R. C. L. p. 1065. The reason for the rule is that an integral part of the consideration paid by the purchaser was on the faith of the chattel (to which the agreement related) being a fixture, as it appeared to be, and that he would be prejudiced by a severance of the chattel from the freehold. That reason does not apply here. The consideration named in the trustees' deed is manifestly nominal. The real consideration was the satisfaction of the loan of $8,500 made to the Mosemans in 1925. No part of that sum was loaned with reference to the furnace as it had not then been installed. Without the furnace, the plaintiff gets the identical property on which it

advanced the loan. That property being all it then bargained for, an award of the furnace to plaintiff now would be gratuitous and enrich it at defendant's expense. There is no evidence that plaintiff was influenced in its purchase by the belief that the furnace was a fixture. Consequently estoppel does not arise (see *N. & W. Ry. Co.* v. *Perdue*, 40 W. Va. 442, 21 S. E. 755), and the rule as to subsequent purchasers has no application.

The plaintiff also takes the position that defendant secured possession of the furnace unlawfully by breaking and entering the residence, therefore entitling plaintiff to possession of the furnace without regard to title. The record does not support this position. While it is true there is no definite evidence as to what legal steps were taken by defendant before repossessing the furnace, there is definite testimony that its agents were accompanied by an officer of the law who unlocked the residence. This does not imply an unlawful entry.

The evidence affords no reason, legal or equitable, why the property of the defendant should be awarded the plaintiff. The judgment of the lower court will accordingly be reversed, and a new trial granted.

*Reversed; new trial awarded.*