The bill is to foreclose a mortgage given by the Purifoys. The Pyramid Enterprises, Incorporated, a second mortgagee, and Lighting Service Company, holder of a judgment against the owners, are parties defendants. The Lighting Service Company filed a notice under the rule, asking that its judgment be reported, and the master, to whom the matter was referred, reported the amount due on the judgment. A final decree was entered for the complainant only, and an execution issued to the sheriff.
Now comes the Lighting Service Company, by petition, asking the court to permit it to remove from the mortgaged premises the heating system, viz., a boiler, eleven radiators and the pipes connecting them, claiming to own it by the terms of an unrecorded conditional bill of sale. The heating system was installed by the petitioner in the Purifoy home (a three-story dwelling erected some years ago) and the conditional sale was made to them, long after the complainant's mortgage and the second mortgage were executed and recorded. The judgment, because of which the Lighting Service Company was made party to the bill, was recovered for the unpaid purchase price.
The heating system having been affixed to the realty as to become a part thereof, the question is, is it severable without material injury to the freehold, within the meaning of the first subdivision of section 7 of the Uniform Conditional Sales act of 1919? P.L. 416. That is the test as between the petitioner and the mortgagees, the latter not having expressly *Page 577 
assented to the reservation of title. Future Building and LoanAssociation v. Mazzocchi, 107 N.J. Eq. 422; Bank of AmericaNational Association v. LaReine Hotel Corp., 108 N.J. Eq. 567.
As to the owners, they having purchased upon condition, the right to remove is undoubted.
The boiler rests on the cellar floor of its own weight, the radiators rest on the three floors unattached to the floors, and the heat supply pipes, connecting the boiler with the radiators, extend through small holes in the floors. It is because these holes will be left after the pipes are withdrawn that the claim is advanced that the heating system is not severable without material injury to the freehold. The slight damage to the structure, readily repaired, furnishes no support for the contention. Removing the system will, of course, diminish the comforts of the dwelling and will depreciate the value of the property to the extent of the cost of the installation of another system of heating, but these are not probative of non-severability without material injury to the freehold. If they were, all reservations of title to personal property affixed as to become part of the realty would be invalid. The removal of fixtures conditionally sold, leaving intact the structure, complete and usable as it was before their installation, works no material injury to the freehold within the meaning of the statute.
The court of errors and appeals, in Domestic Electric Co. v.Mezzaluna, 109 N.J. Law 574, dealt with fixtures installed in the formation of and essential to a structure as an up-to-date apartment house, without which, as such an institution, it could not function and held that the fixtures were not severable without material injury to the freehold. That situation is not presented here. It does not appear how the house was heated before; possibly by stoves, probably by furnace. Whatever the method or worn-out appliances, the petitioner's system, though a modern convenience, was not indispensable to the structure as a dwelling — it may be heated as of old — and the withdrawal of the convenience, installed upon condition that it should remain the petitioner's property until paid for, will not a whit reduce the pre-value of the freehold, and *Page 578 
the mortgagors will suffer no diminution in their initial security. It is deemed that severance will be without material injury to the freehold.
Now as to the practice. The question whether the heating system is personal property and recoverable by the petitioner may have been made an issue in the cause by counter-claim, but there can be no valid reason for denying relief on a petition. If we admit the respondent's contention, that upon sale, the final decree will bar the right to redeem and that it will bar the petitioner's right to recover thereafter; that section 58 of the Chancery act (Comp. Stat., p. 432), barring liens or "interest" in the mortgaged premises under recordable but unrecorded instruments, applies to the petitioner and that the property claimed, which but for the claim now set up, is a part of the mortgaged premises and the right under the conditional bill of sale is an "interest" in the mortgaged premises which would be cut off by a sale, we have at once most pressing reasons for the removal of the personal property from the operation of the execution and sale.
The petitioner, as defendant under its judgment, is not estopped from asserting the right as owner under the conditional bill of sale, because it gave notice to have the debt reported. Neither the recovery of the judgment, nor maintaining it as a lien in the foreclosure suit, is a waiver of title to the personalty. Otis Elevator Co. v. Stafford, 95 N.J. Law 79.
 The prayer of the petitioner is granted. *Page 579