GREENE COUNTY BUILDING & LOAN ASSOCIATION, APPELLANT, v. HOLLAND FURNACE CO., RESPONDENT.—59 S. W. (2d) 749.

Kansas City Court of Appeals.   May 1, 1933.

*Hamlin, Hamlin & Hamlin* for appellant.

*Wm. M. Stringer, L. Frank Rope* and *C. S. Walden* for respondent.

BLAND, J.—This is an injunction suit. There was a judgment in favor of the defendant and plaintiff has appealed.

The plaintiff, by its petition, seeks to enjoin the defendant from removing a furnace installed by the latter in a building upon which the former held a deed of trust. Since the installation the mortgage has been foreclosed, plaintiff becoming the purchaser of the mortgaged property at the foreclosure sale.

The cause was tried upon an agreed statement of facts which shows that one Dixon and his wife, on April 1, 1930, executed to the plaintiff their note in the sum of $2,600, and a deed of trust securing the same; that the deed of trust was recorded on April 2, 1930; that on

October 1, 1931, default was made in the payment of the installments due upon the note; that on the 23rd day of April, 1932, the property was sold, under foreclosure, by the trustee named in the deed of trust and plaintiff bid the property in at the sale and received a trustee's deed to it.

The deed of trust conveyed the land "with all improvements now or hereafter thereon, including all fixtures, heating, lighting and water supply apparatus, window screens, shades and awnings, fences, trees and shrubbery, and all equipment of every kind now or hereafter used in connection therewith."

At the time that the deed of trust was executed upon the land there was a dwelling house situated thereon, containing a hot air furnace located in the basement of the house. By means of pipes leading from the furnace to the various rooms in the house the furnace was connected with registers throughout the house. The mortgagors, after the execution of the deed of trust, removed the furnace from the building and purchased another furnace from the defendant, which was installed by it. The new furnace was purchased under a conditional sales contract, dated May 7, 1930, providing for the payment of the furnace in monthly installments. The contract provided:

"That the property described in said instrument should remain personal property and the title thereto should remain in the Holland Furnace Company until final payment was made."

The new furnace was installed by the defendant by setting it on the concrete floor of the basement of the building and connecting it by means of pipes leading to the registers already in the floors. No registers were installed by the defendant, but it did put in one cold air opening.

Dixon and his wife defaulted in making the payments provided for by the conditional sales contract and the defendant notified plaintiff that it intended to remove the furnace from the building. Thereupon, plaintiff instituted this suit. Before the bidding at the foreclosure sale notice was given by the trustee of defendant's claim to the furnace.

Some question has been raised as to whether the provisions in the deed of trust with reference to after-acquired property are sufficiently definite to cover such property. But defendant contends that if there were any indefiniteness in reference to the matter it was cured when it took constructive possession of the property at the time the Dixons made default, for the reason that the deed of trust provided that, at default, the Dixons should become tenants of the plaintiff at a monthly rental named therein.

The view we take of the case makes it unnecessary for us to pass upon the question as to what effect such an alleged taking of constructive possession of the premises by the plaintiff has upon this

phase of the case, but we may assume that the after-acquired property clause is sufficiently definite for all purposes.

Plaintiff does not contend that the removal of the furnace would materially damage the structure. The sole contention of plaintiff is that the recorded deed of trust was notice to defendant, and to all of the world, of its contents including the provisions relative to after-acquired property. (It will be noted that this clause refers to heating apparatus); that when, on October 31, 1931, plaintiff took constructive possession of the premises, the lien of the mortgage attached to the furnace that had theretofore been installed by the defendant and that, in any event, the conditional sales contract, not being recorded, was invalid as to the plaintiff, as mortgagee.

The contention that the failure to record the conditional sales contract results in giving plaintiff rights in the furnace superior to those of defendant, is decided against the former upon the authority of Gen. Motors Accept. Corp. v. Farm & Home Savings & Loan Assn., No. 17685, recently decided by this court, but not yet published.

The contention of the plaintiff that the after-acquired property clause in the deed of trust gives it rights in the furnace superior to those of the defendant is decided against the former upon the following authorities: Dry-Kiln Co. v. Ellington, 172 N. C. 481, 484; U. S. v. N. O. Railroad, 12 Wallace Rep. 362, 364, 365, and Gen. Elec. Co. v. Transit Equip. Co., 57 N. J. L. 460, 470.

In the case of U. S. v. N. O. Railroad, supra, l. c. 364, 365, the court said:

"The appellants contend, in the next place, that the decision upon the facts was erroneous; that the mortgages, being prior in date to the bond given for the purchase money of these locomotives and cars, and being expressly made to include after-acquired property, attached to the property as soon as it was purchased, and displaced any junior lien. This, we apprehend, is an erroneous view of the doctrine by which after-acquired property is made to serve the uses of a mortgage. That doctrine is intended to subserve the purposes of justice, and not injustice. Such an application of it as is sought by the appellants would often result in gross injustice. A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires; and if he purchase property and give a mortgage for the purchase money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien impending over him, whether in shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase money."

In the case of Gen. Elec. Co. v. Transit Equip. Co., supra, l. c. 470, the court said:

"The mere statement of the case shows that the mortgage cannot prevail, for, in point of fact, this property never was '*acquired*' by the traction company, the mortgagor. When furnished it was a chattel, and for the purpose of the present argument we must treat it as still a chattel, and if the title never vested in the traction company then the property never was acquired by the traction company and never became subject to the mortgage. In other words, the acquisition of the title to it by the mortgagor was a condition precedent to its becoming subject to the mortgage." [See, also, Defiance Mch. Wks. v. Trisler, 21 Mo. App. 69; Wood v. Holly Mfg. Co., 100 Ala. 326, 351; Mott Iron Wks. v. Middle States Co., 17 D. C. App. 584, 598; Batchford v. Cayuga Co. Cold Storage & Wh. Co., 217 N. Y. 565; In re Frederica Water, Light & Power Co. (Del.), 93 Atl. 376; Holt v. Henley, 232 U. S. 637; Detroit Steel Co. v. Sistersville Brew Co., 233 U. S. 712; Davis v. Bliss, 187 N. Y. 77; Southwest Publ. Serv. v. Smith (Tex.), 31 S. W. (2d) 472.]

In the case of Dry-Kiln Co. v. Ellington, supra, l. c. 484, the court said:

"At common law no mortgage was valid except upon property in existence and actually potentially the property of the mortgagor at the time of the execution of the mortgage; but this rule has been greatly modified in different jurisdictions, and since the case of *Holroyd v. Marshall*, 10 H. L. Cases, 191, it has been settled in England, and has been generally recognized in this country, that a mortgage with a clause covering additions or after-acquired property operates to create a lien on the after-acquired property in favor of the mortgagee when the property comes into existence. [Perry v. White, 111 N. C. 199; Lumber Co. v. Lumber Co., 150 N. C. 286, and cases cited.]

"The principle, however, is subject to the qualification that the mortgagee who claims after-acquired property takes it in the same condition in which it comes into the hands of the mortgagor, and if at that time it is subject to liens the general mortgage does not displace them."

We have examined the cases cited by plaintiff and find them not in point. The judgment is affirmed. All concur.