Holland Furnace Company, Appellant, v. Lithuanian
Building and Loan Association of Waukegan, and
John Ojala, Appellees.

Gen. No. 9,077.

Opinion filed September 3, 1936.
Rehearing denied October 6, 1936.

HERMAN C. LITCHFIELD, of Waukegan, and CARL I.
SIGAL, of Chicago, for appellant.

JOSEPH A. JADRICH, of Waukegan, for certain appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

This is an action of replevin which was instituted by the Holland Furnace Company, a corporation, before a justice of the peace and was thereafter appealed to the circuit court where a trial was had before the court, a jury being waived, and from a judgment in favor of the defendant, the plaintiff has appealed.

The property in controversy is a heating and air conditioning system with necessary piping and connections referred to in the record as a hot air furnace. The facts were stipulated and from the stipulation it appears that Jacob Niemi and wife Sophia Niemi owned and occupied a dwelling located at 670 McAlister avenue in Waukegan on and prior to November 19, 1930. On that date they executed and delivered to the Lithuanian Building and Loan Association their mortgage to secure the payment of a certain indebtedness due from them to the association. This mortgage was, on the following day, duly recorded. On July 21, 1931, appellant, the Holland Furnace Company, sold to Jacob Niemi and Sophia Niemi the hot air furnace in dispute for $397.81, payable $10 in cash and the balance in monthly instalments of $16.15 each, the final payment of $16.36 being due on July 26, 1933. This sale was evidenced by a conditional sale contract executed by the parties thereto and which provided that the seller, appellant herein, should install the furnace, do all the carpenter work and cutting through the cellar walls and should remove and dismantle the Hero heating plant then in the basement of the premises, which was to remain the property of the Niemis. This contract recites that the Niemis hold the legal title to the premises where the furnace was to be installed and provided: "The heating plant, accessories and piping in basement shall remain personal property at all times and title

thereto shall remain in us until you make final payment therefor, whereupon title shall vest in you as buyer. If any payment is not made on the date when it becomes due, as herein provided, all the unpaid balance shall immediately become due and payable. In case default is made in any payment when due, we retain and shall have the right to remove the heating plant, accessories and piping in basement and retain all payments made hereunder as reasonable rent therefor. No action to enforce any rights under mechanic lien laws or any similar laws shall prejudice our right to remove the heating plant, accessories and piping on default of payment as provided above.'' On the reverse side of this instrument is a statement signed by the Niemis to the effect that they are the holders of the legal title to the real estate in which the furnace is to be installed and consenting to the installation thereof and agreeing that the furnace shall remain the personal property of the seller until paid for in full. In pursuance to the contract the old Hero furnace was removed by appellant from the Niemi basement, the dismantled portions being carried up the outside stairs. This furnace rested on a base plate made of cast iron and the castings were inclosed by a galvanized iron casing 45 inches in diameter. It was located in the center of the basement and consisted of a radiator or topmost portion of the casting, a dome, a feed section of cast iron, a fire box and an ash pit of cast iron. In dismantling the old furnace, appellant's employees removed the bolts from the outer casing and separated the castings by prying them apart, they having been joined one to another by furnace cement. The hot and cold air runs were disconnected from the hood of the casing and from the hot and cold air boxes. It took two employees of appellant approximately three hours to dismantle and remove the old furnace and after it was removed appellant's employees installed the new furnace. It consisted of the radiator feed section, fire box in two parts and an ash

pit, all of cast iron. The base plate is of cast iron 28 inches in diameter and one and one-half inches thick. This base is placed on the floor and the assembled furnace rests thereon, two additional cold air runs and one hot air run were added to the number which the old furnace had and two new cold air apertures and two new hot air apertures were cut into the walls or floors of the premises. At the place where the new furnace was placed, the basement floor was not level and upon the cement floor that was there appellant built a cement base, and it is upon this cement base that the base plate was placed. Neither the base nor base plate are bolted or otherwise attached to the concrete base, but the shaker is bolted to a concrete base which appellant built on the concrete floor and this base is about eight inches in diameter and two inches in height.

On September 18, 1931, appellee, Lithuanian Building and Loan Association filed in the circuit court of Lake county a bill to foreclose its mortgage. Appellant was not a party to that suit and had no actual notice of appellee's mortgage. The conditional sale contract was never placed of record and no lien was ever filed against the premises by appellant. Appellee's foreclosure suit proceeded to a decree on January 29, 1932. On March 7, 1932, a sale was had and at that sale appellee became the purchaser, bidding therefor $5,609.15, which was $197 less than the amount of the debt, interest and costs. On June 8, 1933, appellee received a master's deed to the premises and on June 15, 1933, the Niemis vacated and at the time they vacated there was due appellant by virtue of the sale contract $292.50. On January 18, 1934, appellant notified appellee loan association that the furnace and heating equipment was subject to a conditional sale contract and on June 6, 1935, formal demand for possession was made and refused by appellee and thereafter this suit was instituted.

. Counsel for appellant insist that the stipulation discloses that this furnace can be removed without material injury to the freehold or to itself and appellant's rights as vendor are superior to those of appellee. The appellee loan association insists that this furnace and its accessories is a fixture, became an integral part of the dwelling, can not be removed without material injury to the premises and that because of appellant's laches and conduct, it is estopped to assert its claim.

In *National Bank of the Republic v. Wells-Jackson Corp.*, 358 Ill. 356, it appeared that a sprinkler system was purchased by a lessee of certain premises under a conditional sale contract and installed in the leased premises. The lessee defaulted in the terms of the lease and the lessor owner of the fee received possession of the property leased and the vendor of the sprinkler system sought to recover possession of the sprinkler system from him. In sustaining the right of the vendor, under the conditional sale contract to recover the court in its opinion said: "The general rule may be deduced from the authorities cited, that where the parties to a contract of sale of personal property in which the title is reserved in the vendor to the chattel sold, agree that by the annexation of such personal property to the real estate the chattel shall not lose its character as personal property, such contract is enforceable between the parties thereto and also against a purchaser or a prior mortgagee, or those occupying similar positions, where the chattel can be removed without material injury to the freehold or the usefulness of the chattel. *Raymond Co. v. Ball*, 210 Fed. (7th C. C. A.) 217; *Campbell v. Roddy*, 44 N. J. Eq. 244, 14 Atl. 279; *Binkley v. Forkner*, 117 Ind. 176, 19 N. E. 753. Other cases recognizing the validity of conditional sales contracts and the right to remove fixtures as against third parties even though the fixtures are permanently fastened to the realty, where no material in-

jury will be done the premises by such removal, may be found in *Detroit Steel Cooperage Co. v. Sisterville Brewing Co.,* 233 U. S. 712, 58 L. Ed. 1166; *Davis v. Bliss,* 79 N. E. (N. Y.) 851; *Best Mfg. Co. v. Cohn,* 86 Pac. (Cal.) 829; *Harris v. Hackley,* 86 N. W. (Mich.) 389; *Smith v. Holland Furnace Co.,* 278 Pac. (Kan.) 719; *Holland Furnace Co. v. Bird,* 21 Pac. (2nd) (Wyo.) 826; *Palmateer v. Robinson,* 38 Atl. (N. J.) 957.''

*Sears Roebuck & Co. v. Piasa Bldg. & Loan Ass'n,* 276 Ill. App. 389, was an action of replevin instituted by Sears, Roebuck and Company to recover bath tubs, sinks, lavatories, toilet outfits and soil pipes which were installed by the company in an apartment building by screws and bolts with pipes running through the brick walls in the usual manner. It appeared that one Arst was the owner of the apartment in 1929 and in that year he executed a real estate mortgage thereon to the Piasa Building and Loan Association. Subsequently and in 1931 he purchased of Sears, Roebuck and Company the plumbing articles referred to and executed a conditional sale contract in which it was recited that the title to the articles sold should remain in the company until the sale price was fully paid. In November, 1931, Arst was adjudicated a bankrupt, the trustee abandoned the property and thereupon the loan association filed its bill to foreclose its mortgage but did not make Sears, Roebuck and Company a party defendant. The foreclosure proceeding took the usual course and a sale was had, at which the loan association purchased the premises and in due time received a deed of conveyance. During the pendency of the foreclosure proceedings, Sears, Roebuck and Company instituted the replevin suit. In holding that the company was entitled to the plumbing fixtures under its sale contract, the court said: ''An agreement that an article attached to real estate shall be removable, or remain personalty, is ordinarily given full effect as against a mortgage of

the realty, made previous to the affixation, in so far as this will not interfere with the security of the mortgage, where the mortgagee has not been misled and has advanced nothing on the faith of the chattels being so attached.'' Citing *Sword v. Low,* 122 Ill. 487, and several cases from other jurisdictions. The opinion in the Sears, Roebuck and Company case then recites the holding in *Sword v. Low, supra,* and continues: ''Measured by this rule, it is apparent that appellant (Sears, Roebuck and Company) and Arst both regarded the plumbing fixtures as personalty, and intended that they should so remain until the price thereof was fully paid. The conditional sales contracts expressly stipulate that they were to remain the property of appellant until they were fully paid for. This is wholly inconsistent with any idea that they were intended to become part of the realty. . . . As to whether or not the articles could be removed without substantial and material injury to the freehold, while the evidence bearing upon the subject is meager, we are of opinion that same can be done without any serious or lasting damage to the building, and that the cost of repairing, or covering the marks, or filling the holes, to be occasioned by their removal, would be trifling. The appellee would not be damaged thereby. Its loan was made upon the building as it existed before the installation of the chattels and with no expectation that they would be placed in the structure. It acquired, by foreclosure, the same property it would have acquired if the plumbing had not been done, and its situation will not, in any way, be altered to its prejudice.''

In *Holt v. Henley,* 232 U. S. 637, 58 L. Ed. 767, the court held that a sprinkler system retained its identity as personalty notwithstanding it was bolted and fastened to the building and that the title of Holt, the vendor under a conditional sale contract, was superior to that of a mortgagee who claimed under a mortgage

executed and recorded before the sprinkler system was installed.

In *Smith v. Holland Furnace Co.*, 128 Kan. 580, 278 Pac. 719, cited with approval by our Supreme Court in *National Bank of the Republic v. Wells-Jackson Corp.*, *supra*, it appeared that the plaintiffs owned a dwelling in Kansas City which they sold under a contract of purchase (which provided that any improvements should become the property of the owners) to certain parties who went into possession. Shortly thereafter the vendees entered into a conditional sales contract with the appellant in this case for the installation of a furnace. In order to install the furnace, the company laid a concrete foundation in the basement and cut the floors for hot-air registers, attached the pipes, flues, shafts, etc. Not long thereafter, the vendees defaulted in the terms of both their real estate contract and in their conditional sale contract and the vendors under the contract for the sale of the real estate resumed possession of the dwelling, but the furnace company entered, removed the furnace and appendages, but left the fittings which were attached to the floor and walls. Thereupon the vendors under the real estate contract brought suit to recover the value of the furnace which the company had removed. In sustaining the conditional sale contract and a judgment rendered for the furnace company in the lower court, the Supreme Court said: "We find that many courts do not admit that the fact of annexation of a chattel to realty is conclusive that its character as personal property is extinguished, but hold that the intention of the parties to the annexation and the attendant circumstances may be of controlling significance." (Citing cases and authorities.) The opinion then quoted from *Ford v. Cobb*, 20 N. Y. 348, in part as follows: " 'It would not be competent for parties to create a personal chattel interest in a part of the separate bricks, beams or materials of which the walls of a house are composed. . . . But it is

otherwise with things which, being originally personal in their nature, are attached to the realty in such a manner that they may be detached without being destroyed or materially injured and without the destruction of, or material injury to, the things real with which they are connected, though their connection with the land or other real estate is such that in the absence of an agreement, or of any special relation between the parties in interest, they would be part of the real estate.' ''

In *Holland Furnace Co. v. Bird,* 45 Wyo. 471, 21 P. (2d) 825, also cited with approval in *National Bank of the Republic v. Wells-Jackson Corp., supra,* it was held that the appellant in this case might remove its furnace and equipment as against a prior mortgagee under its conditional sales contract made by the furnace company with the owner of the fee. In its opinion the court said: ''The intent manifested by the conditional sales agreement to retain title in the vendor and preserve the character of the chattel as personalty, after annexation to the realty, prevails against a prior mortgagee of the realty, so that the chattel can be removed upon the vendee's failure to perform.''

*Greene County Building & Loan Ass'n v. Holland Furnace Co.,* 227 Mo. App. 972, 59 S. W. (2d) 749, was a suit by a loan association to enjoin the appellant in this proceeding from removing a furnace which it had installed in the dwelling house of one Dixon. It appeared in that case that in 1930, Dixon being the owner of the premises executed, a trust deed to the loan association to secure the payment of $2,600. This trust deed covered the land upon which Dixon's dwelling was located. At the time this trust deed was executed, there was a furnace in the dwelling but shortly thereafter Dixon removed it and purchased a new furnace from the appellant in this case under a conditional sales contract providing for the payment of the furnace in monthly instalments and containing the usual clause

that the furnace should remain personal property and the title thereto should remain in the Holland Furnace Company until final payment was made, and under this contract a new furnace was installed. Dixon thereafter defaulted in the payments to the loan association and in his payments to the furnace company. The loan association foreclosed and bid in the property at the sale and later received a deed and brought the instant suit. The Appellate Court of Missouri sustained the lower court in dismissing the bill and held that the furnace retained its character as personalty and that the company was entitled to remove the furnace even though the conditional sales contract was not recorded as provided by the Missouri Statute.

In *Holland Furnace Co. v. Jefferson,* 173 Minn. 121, 216 N. W. 795, it was held that the appellant in this case had a right to remove its furnace which it sold under a conditional sales contract and installed in a leased dwelling and in *Holland Furnace Co. v. Lowe,* 172 Ga. 815, 159 S. E. 227, it was held that where title to a furnace is retained by the seller, such furnace can be removed as against the purchaser, if the removal can be effected without material damage to the freehold. In this case the conditional sale contract was made by the appellant here with one who only owned an undivided interest in the dwelling in which the furnace was installed. In *Industrial Bank of Richmond v. Holland Furnace Co.,* 109 W. Va. 176, 153 S. E. 309, it was held that the appellant here was entitled to recover possession of a furnace which it had sold under a conditional sale contract and which had been installed in a dwelling located upon premises upon which the vendee in the conditional sale contract had theretofore executed a deed of trust to the Industrial Bank of Richmond.

In support of its contention that the furnace here is a fixture and was intended to become an integral part of the building, counsel for appellee cite *National Bank*

*of the Republic v. Wells-Jackson Corp., supra; Thielman v. Carr,* 75 Ill. 385; *Lyle v. Rosenberg,* 192 Ill. App. 378; *Joyner v. Mitchell,* 267 Ill. App. 427, and a New Jersey and Pennsylvania case. Counsel say that the identical question involved in the instant case arose in *Thielman v. Carr* and that the court there held a furnace to be a fixture. The *Thielman* case was a proceeding to enforce various mechanics and materialmen liens and in the course of its opinion the court did say: "It is believed that ordinary stoves and pipes have been always conceded to be personalty or mere chattels. They, as all know, are not intended to become, and form a part of the building. But with furnaces it is different, as it is known that they are intended to be permanent, and a part of the structure. They are seldom, if ever, detached from the building, so long as they last, whilst stoves are frequently removed and again replaced. Another difference is, that furnaces cannot be removed without taking them apart, and the intent must usually control. If, as is believed to be generally true, furnaces are intended to be permanent, and to become a part of the building, that should stamp its character and require it to be held realty." In our opinion the facts in the *Thielman* case are clearly distinguishable from the facts in the instant case. There the court had under consideration the claim for a lien of one who furnished heating equipment for a new building. The court allowed the claim for a lien, holding that it was the intention of the parties that the furnace should become a part of the realty. No conditional sale contract was involved in that proceeding, but it is significant that the court said that in determining whether personal property shall retain its character of personalty or shall be held to be realty, the intent of the parties must usually control. There is nothing said in this case or in the other Illinois cases cited by appellee which militates against the general rule that personal

property may retain its character of personalty by the express agreement of the parties, although attached to the realty in such a manner as that, without such agreement it would lose that character provided it is so attached that it may be removed without material injury to the freehold.

A conditional sale contract is recognized as valid by the courts of this State. *Sherer-Gillett Co. v. Long,* 318 Ill. 432, and under the holding of our Supreme Court in *National Bank of the Republic v. Wells-Jackson Corp., supra,* and the other cases hereinbefore cited, appellant, as vendor, in such a contract has a right to remove this furnace as against appellee, even though the furnace is permanently fastened to the realty,—if it can be removed without material injury, either to the premises or to the usefulness of the furnace. The question then for determination is whether this furnace can be so removed. Counsel for appellee insist that the term, material injury, as used by the authorities does not mean only physical injury but also injury to the use and enjoyment of the freehold, that this court should take judicial notice of the fact that in a climate such as exists in Lake county that artificial heat is necessary to make dwellings habitable during certain portions of the year and that the usual method of providing such artificial heat is by a furnace and if the portions of this furnace which are described in the writ of replevin are removed the premises will not only be injured, but it will be necessary to replace the furnace with another heating unit. This court is not insensible to the fact that if appellant prevails in this case it will be necessary in order to make appellee's dwelling comfortable and habitable during certain seasons of the year that the premises must be heated by some means but we do not concede that the words, material injury, as used in the authorities mean injury to the use and enjoyment of the freehold such as referred

to by counsel for appellee. From the stipulation of the parties, we are clearly of the opinion that under the authorities the furnace and portions of the heating equipment described in the writ of replevin can be removed without any serious or lasting damage to the dwelling and without seriously impairing the usefulness of the furnace. Appellee will not be damaged by their removal. It obtained possession of appellant's furnace and equipment when it acquired the premises under foreclosure. The stipulation is to the effect that the old Hero furnace in the dwelling at the time appellee's mortgage was executed was practically worthless and when it was removed shortly thereafter and replaced by appellant's furnace, it was sold by the then owner of the premises for junk.

It is finally insisted by appellee that appellant is estopped to assert its claim by its conduct and because of laches. The record discloses that the final payment under appellant's contract was due July 26, 1933, that appellant was not a party to the foreclosure proceeding and the first knowledge it had of that suit was about January 18, 1934 when it immediately notified appellee of the terms of its contract. None of the essential elements of estoppel are disclosed by this record and as stated in *Sears, Roebuck & Co. v. Piasa Bldg. & Loan Ass'n, supra,* where the same contention was made, appellant had the full statutory period in which to assert its claim. While there was considerable delay upon the part of appellant in asserting its rights under its contract, we do not believe it was such as to preclude a recovery herein.

For the reasons given, the judgment of the trial court is reversed and this cause is remanded with directions to render judgment in favor of appellant.

*Reversed and remanded.*