In this foreclosure suit, the sole question is as to whether a certain boiler on the premises constitutes a part of the realty so as to be subject to the mortgage. Defendant Godfrey, Keeler Company, Incorporated, interposed an answer claiming that the boiler remained personal property and was subject to the lien of a conditional bill of sale duly recorded to it. At the hearing it appeared that the boiler was what is known as a portable boiler and could be removed from the premises, consisting of a factory building, through a doorway already existing and without any substantial injury to the factory building.
Complainant's mortgage was executed prior to the installation of the boiler and therefore there can be no estoppel by reason of any possible reliance upon the boiler as being security for the loan.
Upon the facts shown at the hearing, the case comes clearly within the well settled principle that personal property, such as machinery and equipment, installed under a conditional bill of sale, where it can be readily removed without any substantial injuries to the premises, does not become part of the realty and therefore is free from the lien of the mortgage upon the realty.Reliable Building and Loan Association v. Purifoy, 111 N.J. Eq. 575.
A decree will be advised dismissing the bill as to Godfrey, Keeler Company, Incorporated, and establishing its lien under the conditional bill of sale. *Page 328