HOME OWNERS' LOAN CORPORATION *v.* EYANSON ET AL.

[No. 16,913.   Filed February 20, 1943.]

*Nathan C. Nelson,* of Decatur, *Walter W. Houppert,* of Indianapolis, and *Edward Oliger,* of Chicago, Illinois, for appellant.

*Lederer, Livingston, Kahn &. Adsit,* of Chicago, Illinois, *Barrett, Barrett & McNagny,* of Fort Wayne, and *Harry T. Grube* and *Hubert R. McClenahan,* both of Decatur, for appellees.

BLESSING, C. J.—The appellant, the Home Owners' Loan Corporation, instituted this suit in the lower court to recover possession of certain real estate and to enjoin the appellees, Charles Eyanson and Mabel Eyanson, from removing a furnace and french doors from the dwelling house located on said real estate.

The court issued a temporary restraining order enjoining said appellees from removing said furnace and french doors. Thereafter, appellee Sears, Roebuck and Company filed a petition to intervene, which was granted. The said Sears, Roebuck and Company then filed an answer in two paragraphs, asserting title and the right of possession to the furnace in question. Appellees Eyansons answered, setting out a conditional sales contract entered into between them and their co-appellee with respect to the furnace, and alleging the

reservation of title in said Sears, Roebuck and Company until the furnace was fully paid for, and admitting a balance due thereon in the sum of sixty dollars. Appellant replied to the answer of appellee Sears, Roebuck and Company, and to the answer of appellees Eyansons, denying that appellees were the owners of the furnace, and alleging that the furnace is an integral part of the dwelling; that the same was acquired by appellant through foreclosure proceedings; that the removal of the furnace would cause material damage to the property; that under the Conditional Sales Act the reservation of title to the furnace by Sears, Roebuck and Company is void as to appellant who did not expressly consent to the reservation of title, and that appellant was a subsequent purchaser for value, without actual notice of the conditional seller's title because the sale contract was never recorded. The cause was tried to the court. At appellant's request, the court made a special finding of facts and stated his conclusions of law thereon. He then rendered judgment dissolving the aforementioned restraining order, permitting appellees to remove the furnace involved herein, and enjoining appellees from removing the french doors from said dwelling house.

Appellant alleges that the court erred in each of its conclusions of law numbered four, six and eight, which conclusions were to the effect that appellee Sears, Roebuck and Company was entitled to the possession of the furnace and had the right to remove the same from the premises because said appellee's reservation of title under the provisions of the conditional sales contract entered into between the appellees was good, as the furnace never became a part of the real estate nor attached thereto as a fixture. The other error relied upon for reversal of this cause with respect to the furnace is that the court erred in overruling appellant's

motion for a new trial, the specifications in said motion being that the decision is not sustained by the evidence and is contrary to law.

The special finding of facts discloses that appellees Charles Eyanson and Mabel Eyanson were the owners in fee simple of certain real estate and that on August 13, 1934, said appellees executed a mortgage on said real estate to the appellant, the Home Owners' Loan Corporation, which mortgage was duly recorded. On October 31, 1936, appellees Eyanson purchased a furnace from Sears, Roebuck and Company under a conditional sales contract, which contained a provision that title to said furnace was to remain in said Sears, Roebuck and Company until said furnace and equipment was paid in full. The furnace was installed in the dwelling without the consent of the mortgagee. Said conditional sales contract was never recorded, and the furnace purchased under its terms has never been paid for in full.

The findings further disclose that the said furnace was merely set upon the concrete floor of the basement and was in no way attached to the floor, nor was any foundation ever made for such furnace. The hot air pipes leading from said furnace were not fastened to the furnace or to any part of the house. Instead, the several joints of the hot air pipes were made like stove pipes and were fitted together by slipping one end inside the other. Nine holes were cut in the floors to provide for cold and warm air registers. The hot air pipes were not fastened to the registers but were fitted into collars which were nailed to the register box. The court also found that the furnace could be removed from the dwelling without in any manner damaging the real estate.

On July 2, 1940, the appellant, upon foreclosure of

its mortgage, purchased the real estate involved herein at sheriff's sale, without notice of the conditional sales contract. On September 2, 1940, appellant leased the real estate and the dwelling house situated thereon to appellees Eyansons for a period of a month. A failure to vacate said premises by lessees gave rise to this litigation.

Appellant seeks a reversal of this cause on three specific grounds: (1) Because of an after-acquired clause in its mortgage; (2) that it had not assented to the reservation of title in the furnace in the conditional vendor, and that said furnace could not be removed without material injury to the freehold; and (3) that appellant was a subsequent purchaser of the dwelling for value without notice of the conditional vendor's contract, and the failure of Sears, Roebuck and Company to record its conditional sales contract gave appellant a superior lien to the furnace even though it could be removed from the dwelling without material injury to the freehold.

Upon the first ground appellant contends that the furnace herein involved could not be removed from the premises by the conditional vendor because said furnace was specifically covered by the following provision of the mortgage:

"The lien of this mortgage includes all heating, plumbing and lighting fixtures and equipment now or hereafter attached to or used in connection with the real estate herein described."

It has been held that in the absence of an agreement between the vendor in a conditional sale of personal property and a prior mortgagee under a mortgage having an after-acquired property clause, the true test for determining whether or not the lien of the conditional sale of the vendor is inferior to

that of the mortgagee is whether the personal property has been so attached as to become a part of the realty. *In re Sunflower State Refining Co.* (1912), 115 C. C. A. 132, 195 F. 180.

In the case of *Greene County Bldg. & Loan Ass'n.* v. *Holland Furnace Co.* (1933), 227 Mo. App. 972, 59 S. W. (2d) 749, a furnace was installed by setting it on the concrete floor of the basement of the building and connecting it by means of pipes leading to registers already in the floor. There was no contention that the removal of the furnace would materially damage the structure. In deciding in favor of the conditional seller, the court quoted the following paragraph from the case of *General Electric Co.* v. *Transit Equipment Co.* (1899), 57 N. J. Eq. 460, 470, 42 A. 101:

> "The mere statement of the case shows that the mortgage (mortgagee) cannot prevail, for, in point of fact, this property never was 'acquired' by the traction company, the mortgagor. When furnished it was a chattel, and for the purpose of the present argument we must treat it as still a chattel, and if the title never vested in the traction company then the property never was acquired by the traction company and never became subject to the mortgage. In other words, the acquisition of the title to it by the mortgagor was a condition precedent to its becoming subject to the mortgage."

See also *Perfect Lighting Fixtures Co.* v. *Grubar R. Corp.* (1930), 239 N. Y. S. 286.

The cases upon which appellant relies to support its contention that the provisions of the mortgage cover the furnace, are cases involving the addition of equipment, the removal of which would materially injure the premises or would substantially diminish the security upon which the mortgagee made the loan.

Therefore, the important question involved in this particular is whether or not the removal of the furnace would materially injure the premises. Appellant argues that a furnace used as a central heating plant of a dwelling is a fixture, and its removal therefore constitutes material injury to the freehold.

This argument is based largely on the "Institutional Doctrine" which finds support in numerous decisions, some of which are cited and commented on in the case of *People's Savings & Trust Co.* v. *Munsert* (1933), 212 Wis. 449, 456, 249 S. W. 527, 88 A. L. R. 1306. See also annotations following the above citation. This doctrine briefly stated is that if a chattel is affixed to the realty so that its severance will prevent the structure from being used for the purpose for which it has been adapted, then the article is not severable without material injury to the freehold. Whatever virtue this doctrine may have, we are of the opinion that it has no application to the instant case. The Eyanson dwelling was not equipped with a furnace when mortgaged to appellant, and the removal of the furnace will not prevent it from being used and occupied as a home as it was before the installation of a more convenient method of heating the same.

It has been held in Indiana that the term "material injury to the premises" means physical damage and not merely a deprivation of the chattels that may be useful or advantageous. *Citizens Bank* v. *Mergenthaler Linotype Co.* (1940), 216 Ind. 573, 25 N. E. (2d) 444.

The court, in the case of *People's Savings & Trust Co.* v. *Munsert, supra,* in construing the words "material injury to the freehold" as used in the Conditional Sales Act, said:

"In a sense, whenever goods are affixed to the realty their subsequent severance and removal causes material injury to the freehold as it then exists, but in our opinion this is not the sense in which such words were used. If that were the meaning to be given them, a seller of an article which is to be affixed to the realty under a conditional sales contract would run considerable risk in selling even a gas range to a householder, a windmill to a farmer, or any machine of substantial importance to a manufacturing plant under such a contract because the severance of a gas range from a house, a windmill from a farm, or an important machine from a factory might be found to result in material injury to the freehold as of the time of severance. We think the language should not be so construed. One of the purposes of sec. 7 is to protect conditional sales, not to thwart or prevent them."

It has also been held that the removal of fixtures conditionally sold, leaving intact the structure, complete and usable as it was before their installation, works no material injury to the freehold within the meaning of the Conditional Sales Act. *Reliable Building &c., Newark* v. *Purifoy* (1932), 111 N. J. Eq. 575, 577, 163 A. 151.

In the case of *Reliable Building &c., Newark* v. *Purifoy, supra,* a heating system had been installed. The boiler rested on the cellar floor of its own weight, the radiators were unattached to the floors, and the heat supply lines, which connected the boiler with the radiators, extended through small holes in the floor. It was contended that the heating system was not severable without material injury because the aforementioned holes would be left after the pipes were withdrawn. The court said:

"The slight damage to the structure, readily repaired, furnishes no support for the contention. Removing the system will, of course, diminish the

comforts of the dwelling and will depreciate the value of the property to the extent of the cost of the installation of another system of heating, but these are not probative of non-severability without material injury to the freehold. If they were, all reservations of title to personal property affixed as to become part of the realty would be invalid."

The only damage to the structure in the instant case is to be inferred from the fact that there are certain holes in the floor. There is nothing in the record to indicate that they may not easily be repaired at a small expense. On the other hand, neither the pleadings nor the evidence establish the fact that appellees intend to remove the registers which fit into the openings in the floor, and with the registers in place, no repairs are necessarily required.

In view of the above decisions, we are of the opinion that the removal of the furnace herein involved would not constitute a material injury to the premises, and that the furnace therefore did not become a part of the realty to which the provisions of the after-acquired property clause of appellant's mortgage would apply.

This conclusion we think is entirely consonant with our Conditional Sales Act enacted in 1935. Acts 1935, ch. 182, p. 909. Section 4 of this act, § 58-804, Burns' 1933 (Supp.), provides that: "Every provision in a conditional sale reserving property in the seller after possession of the goods is delivered to the buyer, shall be valid as to all persons except as hereinafter otherwise provided." The first two sentences of § 6 of the act, Acts 1935, page 909, § 58-806, Burns' 1933 (Supp.), are as follows:

"If the goods are so affixed to realty, at the time of a conditional sale or subsequently as to become a part thereof and not to be severable wholly or in

any portion without material injury to the freehold, the reservation of property as to any portion not so severable shall be void after the goods are so affixed, as against any person who has not expressly assented to the reservation. If the goods are so affixed to realty at the time of a conditional sale or subsequently as to become part thereof but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

Section 4 of the act above quoted obviously entitled Sears, Roebuck and Company to the possession of the furnace unless there is some statutory limitation applicable to the facts presented. The first sentence of section 6 above set out denies the conditional vendor protection in his reservation of title when a chattel is affixed to the real estate without assent of a prior mortgagee unless the chattel may be removed without material injury to the freehold. No assent was secured by the appellee Sears, Roebuck and Company from the mortgagee here, but the evidence and finding of facts are sufficient to disclose under the authorities that the removal of the furnace will cause no material injury to the freehold.

What we have thus far said disposes of the first two grounds urged for reversal by appellant, and we turn to appellant's last contention.

This contention is based on the second sentence of section 6 of the Conditional Sales Act, which we have

heretofore set out.  A mortgagee is included in the definition of the term "purchaser," Acts 1935, § 1, p. 909; § 58-801, Burns' 1933 (Supp.).  The phrase "subsequent purchaser" in said § 6 of the act as applied to a mortgagee refers to and includes only a mortgagee who acquires a lien on the realty subsequent to the sale of a chattel by a conditional vendor.

In the instant case, the appellant is a prior mortgagee.  We have determined that under the facts presented, the furnace was removable without material injury to the freehold.  This determination precluded appellant from claiming any lien on the furnace previous to the foreclosure of its mortgage.  To hold that appellant secured a more advantageous position by becoming a purchaser of the realty at its foreclosure sale would require an interpretation of the phrase, "subsequent purchaser," beyond the meaning and terms of the statute.

The reason for the rule that a subsequent purchaser for value and without notice is entitled to a chattel affixed to the realty as against the conditional seller is that an integral part of the consideration paid by the purchaser is on the faith of the chattel being a fixture, as it appears to be.  After purchase, the purchaser would be prejudiced by a severance of the chattel from the freehold.  *Industrial Bank of Richmond* v. *Holland Furnace Co.* (1930), 109 W. Va. 176, 153 S. E. 309.

In *Sears Roebuck & Co.* v. *Piasa Bldg. & Loan Ass'n* (1934), 276 Ill. App. 389, 393, the conditional vendor installed plumbing fixtures, including bathtubs and lavatories, in mortgaged real estate under a contract with the owner.  The mortgagee foreclosed and purchased at its own sale.  Default having been made on the conditional sales contract, the conditional vendor

brought an action of replevin. In reversing a finding for the defendant and holding that the conditional vendor was entitled to prevail, the court said:

"An agreement that an article attached to real estate shall be removable, or remain personalty, is ordinarily given full effect as against a mortgage of the realty, made previous to the affixation, in so far as this will not interfere with the security of the mortgage, where the mortgagee has not been misled and has advanced nothing on the faith of the chattels being so attached."

In the case at bar, the finding or the evidence does not disclose that the appellant, at the sheriff's sale, was induced to make a higher bid because of the belief that the furnace involved in this case was a fixture. As a matter of fact, it does not appear that appellant, at the time of purchase on foreclosure, knew that a furnace had been installed in the house. Under all the circumstances, as disclosed by the record, we are of the opinion that the appellant, the prior mortgagee, did not become a subsequent purchaser for value when it purchased the property on foreclosure. *Industrial Bank of Richmond* v. *Holland Furnace Co., supra; Sears Roebuck & Co.* v. *Piasa Bldg. & Loan Ass'n, supra; Miller* v. *McCarty* (1934), 148 Ore. 310, 36 P. (2d) 346. See also *People's Savings & Trust Co.* v. *Munsert, supra.*

The evidence supports the finding of facts, and the conclusions of the court upon the facts specially found are correct.

Judgment affirmed.

NOTE.—Reported in 46 N. E. (2d) 711.